THE STONINGTON SAVINGS BANK *vs.* DAVIS and others.

In a suit for the foreclosure of a mortgage, which contained an agreement that the mortgagor should keep the buildings insured, and assign the policy to the mortgagees, and in default of so doing, the mortgagees might effect such insurance, and that the premium paid thereon should be a lien on the mortgaged premises, and added to the amount secured by the mortgage and payable on demand with interest, an order of reference was made to a master to take an account of the amount due to complainants. The master reported, allowing, in addition to the amount due on the mortgage, a sum of money due for premiums paid by

Stonington Savings Bank *v.* Davis.

the mortgagees on effecting insurances on the buildings.—On exceptions to the master's report, it was *held*, that the amount so allowed for insurance was not within the cognizance of the master. The master's authority, as to the subjects and extent of his examination and report, is limited and controlled by the order of reference.

The order of reference in this case is in the usual form, directing the master to take an account of the amount due to the complainants upon their bond and mortgage. The sum paid for insurance is no part of the amount due on the bond and mortgage.

When neither the complainants' right to insure, nor the fact of the insurance is averred in the bill, and no relief is prayed on that account, the amount paid for insurance should not be allowed, although, by a liberal construction of the order of reference, it might be deemed within the cognizance of the master.

This case came before the court on exceptions to the master's report, made on an order of reference in pursuance of an interlocutory decree in the principal case, which is reported in Vol. I, p. 286.

*Ransom,* for defendant, in support of the exceptions.

*Gilchrist,* for complainant, contra.

THE CHANCELLOR. The first exception is, that the master has charged the exceptant with $24.98, insurance premiums, alleged to have been paid for insuring the buildings upon the mortgaged premises. The bill is for foreclosure. The mortgage which is sought to be foreclosed, besides the usual clauses, contains an agreement between the parties that the mortgagor should keep the buildings upon the premises insured against loss or damage by fire in an amount approved by the mortgagees, and assign the policy to them; and in default thereof, that the mortgagees might effect such insurance, and that the premiums paid for effecting the same should be a lien on the mortgaged premises, added to the amount of the bond, and secured by the mortgage payable on demand, with interest.

The matter excepted to was not within the cognizance of the master. The master's authority, as to the subjects and

extent of his examination and report, is limited and controlled by the order of reference. *Gordon* v. *Hobart*, 2 *Story's R.* 260; *Remsen* v. *Remsen*, 2 *J. C. R.* 501; *Harris* v. *Fly*, 7 *Paige* 421; *Torrey* v. *Shaw*, 3 *Edwards* 356.

The order in this case is in the usual form, directing the master to take an account of the amount due to the complainants upon their bond and mortgage. The sum paid for insurance is strictly no part of the amount due on the bond and mortgage. By the terms of the agreement, it is to be a lien on the mortgaged premises, and to be added to the amount due on the bond, and secured by the mortgage.

If, by a liberal construction of the terms of the order, this subject might be deemed within the cognizance of the master, there is a more fatal objection to the report in this particular. It appears, by the master's report, that part of the money advanced by the complainants for insurance was paid before the filing of the bill of complaint.

The bill contains no averment whatever that any premium for insurance had been paid by the complainants, or that the defendant had failed to insure. For all that appears, the mortgagor may have fully insured the buildings upon the premises, and assigned the policy to the complainants. Neither the complainants' right to insure nor the fact of insurance is averred in the bill, or put in issue by the pleadings, nor is any relief prayed in regard to it. In *Gordon* v. *Hobart*, 2 *Story's R.* 343, where waste was not charged in the bill, and no authority to examine that question had been given to the master in the order of reference, but the master, with the *consent of the parties*, had examined and reported upon the question of waste, it was held, by Justice Story, that such consent gave the master no jurisdiction, and that the whole proceedings as to the waste were irregular and *coram non judice*. The claim of the complainants for the amount paid for insurance is probably just, and I regret to disturb the report upon a ground that may savor of technicality; but so clear a principle cannot be violated with im-

punity without danger of the total subversion of all correct practice.

The second exception is, that the master allowed the complainants a larger amount for taxes than ought to have been allowed.

This exception is not sustained. It was not insisted on by the exceptant at the hearing.

The first exception is allowed. The report will be corrected accordingly, by striking from the amount reported to be due to the complainants the amount paid for insurance. The order will be made without costs on either side.