JACOB WYCOFF, executor of Mary Combs, deceased,

*v.*

SAMUEL H. COMBS and others.

The question whether the mortgagee should, in a suit for foreclosure of the mortgage, account for rents and profits of the mortgaged premises, should be raised in the pleadings. If not so raised, the master, under an order of reference, ought not, at least in the absence of special directions, to entertain it.

Bill to foreclose. Master's report, and exceptions thereto.

*Mr. J. Wilson*, for the exceptant.

*Dr. J. B. James, in pro. pers.*

THE CHANCELLOR.

The executor of the last will and testament of Mary Combs, deceased, filed a bill to foreclose a mortgage, for $700 with interest, given by the testatrix and her husband, on premises belonging to the latter, in Mercer county, to John H. Coleman, on the 16th of September, 1857, and assigned by him to the testatrix on the same day. The husband of the latter died intestate, in the latter part of the year 1861. She survived him, and died in December, 1874. She, with two of his children, is said to have occupied the mortgaged premises after her husband's death. The defendants are his heirs-at-law, and the husband of a deceased daughter, and the husband of one of his surviving daughters. None of the defendants answered. A decree *pro confesso* was accordingly entered, with a reference to a master, to take and state an account of the amount due to the complainant, for principal and interest, upon his mortgage. The master credited on the mortgage one-third of the interest, in consideration of the before mentioned occupation of the

mortgaged premises by the widow. The complainant excepted to the report, on the ground that the credit ought not to have been given, and that the witnesses by whose testimony it was established were incompetent. The evidence taken by the master shows that the testatrix, with two of the defendants, a son and daughter of her husband, lived on the mortgaged premises from the time of her husband's death up to the time of her own decease, and that they three, living together as one family there, had the benefit of all the products of the property. She never demanded or received any payment on the mortgage. The master appears to have been of opinion that although her dower was never set off to her, yet there was what should be regarded as an equitable assignment of it, and she was, therefore, chargeable with one-third of the interest on the mortgage, or, that she was chargeable with such one-third as mortgagee in possession. He erred in giving the credit. The order of reference did not authorize him to charge the complainant with any portion of the interest, or to disallow it on account of any legal or equitable liability or obligation on the part of the testatrix in reference to the mortgage. It merely directed him to ascertain and report the amount due. The master should have confined himself, in his inquiry, to the directions of the order of reference. *Stonington Savings Bank* v. *Davis*, 2 *McCart.* 31. Whether a deduction should be made from the interest accrued on the mortgage, by reason of any occupation of the mortgaged premises, or any part thereof, by the testatrix, is a question which was not raised in the cause, and, therefore, was improperly reported upon by the master. *Gordon* v. *Hobart*, 2 *Story's Rep.* 260. It should have been raised in the pleadings, to the end that an adjudication might have been had upon it. *Onderdonk* v. *Gray*, 4 *C. E. Gr.* 63, 66. Although, in *Moore* v. *De Graw*, 1 *Hal. Ch.* 346, the question as to whether the mortgagee in possession should not be charged with rents and profits of the mortgaged premises, was not raised on the pleadings, but after decree on motion

and affidavits, the subject was, nevertheless, adjudicated upon by the court, who instructed the master to charge the complainant with the rents. But, further, all the witnesses sworn and examined, on the part of the defendants, before the master, were defendants themselves. They were clearly incompetent witnesses in their own behalf. The complainant sued in a representative capacity. He did not elect to make them witnesses. He was not called as a witness in his own behalf. *Rev.* p. 383, § 34. *Shepherd's executrix* v. *McClain*, 3 *C. E. Gr.* 128. *Hartman* v. *Alden's executrix*, 5 *Vr.* 522. *Walker* v. *Hill's executor*, 7 *C. E. Gr.* 513. The exceptions will be allowed, and the report will be corrected by striking out the deduction of $169.97. The amount due at the date of the report was $1,479.57. The complainant is entitled to costs.