Hopper *v.* Lovejoy.

---

HENRY I. HOPPER, receiver of The Universal Rubber Company, appellant

*v.*

SUSAN C. LOVEJOY, respondent.

SUSAN C. LOVEJOY, appellant,

*v.*

HENRY I. HOPPER, receiver &c., respondent.

Under our "Act respecting conveyances," the deed of a corporation aggregate may be lawfully acknowledged by the representative of the corporation having authority to execute the deed on its behalf.

On appeal from a decree advised by *Frederic W. Stevens, Esq.*, advisory master, in *Lovejoy* v. *Hopper*, who filed the following conclusions:

\*    \*    \*    \*    \*    \*    \*    \*

The second ground is, that the mortgages were not proved pursuant to the law of New Jersey, and that not having been properly recorded, they are void as against the receiver, who represents not only the corporation but also its creditors.

. The mortgages were acknowledged—not proved. The commissioner, in the case of the real estate mortgage, certifies that there personally came before him James H. Ferguson, president of the company—

" Which I am satisfied is the grantor in the within indenture named, and I having first made known to *him* the contents thereof, he signed, sealed and delivered the same as his voluntary act and deed, and as the voluntary act and deed of the said    \*    \*    \*    company" &c.

The certificate in the case of the chattel mortgage is, that there personally appeared J. H. Ferguson, president of the company—

" Who I am satisfied is the grantor in the within deed of conveyance named, and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed and as the voluntary act and deed of the company" &c.

In neither of these acknowledgments does the president acknowledge the seal affixed to be the seal of the corporation.   In neither of them does the officer certify, as the statute requires, that he made known the contents to the party who executed the instrument, viz., the corporation, and in the case of the real estate mortgage it does not appear from the officer's certificate that the president *acknowledged* anything—only that after he (the officer) had made known the contents he (the president) signed &c.

But aside from these formal criticisms, I understand that, in the case of a corporation, acknowledgment is not sufficient.   The deed must be proved.   Says Chancellor Green, in the court of errors, in *Osborne* v. *Tunis,* " a corporate deed can be proved [for the purpose of registry] only by proving that the seal affixed is

the seal of the corporation, or that it was affixed as the corporate seal by an officer of the corporation, or other person thereunto duly authorized." *1 Dutch. 658.*

The mortgages in question not having been properly proved, were not recorded, within the meaning of the Registry act, although they were in fact transcribed into the register's books. But this does not conclude the matter.

Let us first consider the case of the real estate mortgage. Our Recording act does not make an unrecorded mortgage of real estate void as against creditors generally, but only as against *judgment* creditors, and it does not appear that the receiver represents creditors of this class. The mortgage undoubtedly would be good but for the Recording act. As this act only avoids it as to judgment creditors, purchasers and subsequent mortgagees, and as it is not shown that the receiver is himself a member of one of these favored classes or represents any, there is no ground for holding it invalid.

In reference to the chattel mortgage the case is somewhat different. The Recording act, in terms, avoids unrecorded mortgages, not only as to judgment creditors, but as to creditors generally. It is true that ordinarily only judgment creditors can take advantage of the failure to record, and there are some expressions in the books which would seem to indicate that the term " creditor " in the act means "judgment creditor." Thus, in *Sayre* v. *Hewes, 5 Stew. Eq. 656*, Vice-Chancellor Van Fleet says: "A creditor may know that an antecedent mortgage has been given, yet if it is not filed according to the requirements of the statute, *and he obtains a judgment and procures a levy to be made,* his lien by force of the statute is entitled to preference of payment ;" and in *Williamson* v. *New Jersey Southern R. R., 2 Stew. Eq.* (at *p. 336*), Mr. Justice Depue speaks of execution creditors as entitled to priority over unrecorded chattel mortgages. But the court was not considering the point here involved. Now, creditor is the genus ; judgment creditor one of the species of that genus. When the Chattel Mortgage act was passed the legislature had in view the statute relating to the registry of real estate mortgages, in which statute the term "judgment" creditor is employed.

With this knowledge they omitted the limiting adjective in the case of chattel mortgages. Can it be said that when they did so it was not their purpose to widen the class of persons who might take advantage of a failure to record; that it was not their purpose, for example, to include attaching creditors? The rule on this subject is, as it seems to me, correctly stated in *Thompson* v. *Van Vechten, 27 N. Y. 582.* It is there said: "It is true the mortgage cannot be legally questioned until the creditor clothes himself with a judgment and execution, *or with some legal process against his property,* for creditors cannot interfere with the property of their debtors without process; but when they present themselves with their process they may, I think, go back to the origin of their debt and show, if they can, that when it was contracted the encumbrance with which they are now confronted existed and was kept secret, by being withheld from the proper office."

Still, giving to the language of the act this broader meaning, there remains another question. The act says that unrecorded mortgages shall be void as to *creditors.* The receiver is not himself a creditor, although he represents creditors. *Vail* v. *Hamilton, 85 N. Y. 453; Stokes* v. *New Jersey Pottery Co., 17 Vr. 243; National Trust Co.* v. *Miller, 6 Stew. Eq. 155.* It is not shown, however, that he represents any who, even under the decision in *Thompson* v. *Van Vechten,* are in a position to attack the chattel mortgage. The proofs do not reveal the existence of a single creditor clothed with judgment and execution or with any legal process against the property. This being so, I was at first inclined to think that even on the just assumption that the receiver represents creditors generally, in such manner as to stand possessed of their statutory right, he could not attack this mortgage because they could not. Further reflection has satisfied me that this reasoning is, in view of the course of decision in this state in analogous cases, more plausible than sound. Its fallacy consists in the assertion that, under our law, the creditor must, of necessity, be clothed with legal process. In *Currie* v. *Knight, 7 Stew. Eq. 485,* a mortgagor of chattels had died and his estate was insolvent, though there had been no decree declaring it to

Hopper v. Lovejoy.

be so.  The mortgage given by him in his lifetime was not filed until nearly a year after his death.  In this condition of things a bill was filed by the creditors at large of the mortgagor disputing the validity of the mortgage, on the ground of the failure to file it in time.  The court held, chiefly on the authority of *Haston* v. *Castner*, *4 Stew. Eq. 697*, that these creditors had a lien on the mortgaged chattels, for the reason that the purpose of the statute relative to the distribution of insolvent estates was exclusively and irrevocably to appropriate the property of those estates to the payment of debts, and that having this lien, they could successfully attack the mortgage for want of filing.  But the statute relative to the distribution of the property of insolvent corporations is, in this respect, precisely similar.  The creditors of an insolvent corporation must therefore have a similar lien.  If they have, the receiver, who represents them, is entitled to enforce this lien.  This necessarily follows from the reasoning in *Pillsbury* v. *Kingon*, *6 Stew. Eq. 287*.  The court there quote with approval the language of Baron Parke (at *p. 297*): "A deed which is void as against creditors is void also as against those who represent creditors."  That was said of an assignee of an insolvent debtor, who was seeking to take advantage of that clause of our statute of frauds which makes void conveyances contrived with intent to hinder and defraud creditors, but which limits the remedy to those persons whose actions, debts, damages or demands may be defeated by such fraudulent devices.  But if the assignee may avoid the deed because he represents creditors, the receiver may for the same reason.  See, also, *Miller* v. *Mackenzie*, *2 Stew. Eq. 292*.  I think the chattel mortgage must be held void as against the receiver.

\*    \*    \*    \*    \*    \*    \*    \*

*Mr. Abram Q. Garretson* and *Mr. Carlisle Norwood, Jr.* (of New York), for the receiver.

*Messrs. Collins & Corbin* and *Mr. Estes* (of New York), for Susan C. Lovejoy.

The opinion of the court was delivered by

Dixon, J.

We are satisfied with the decision of the learned advisory master respecting all the instruments in dispute, except the chattel mortgage made September 15th, 1882, by the Universal Rubber Company for $7,000. This he held to be inoperative against the receiver of the company representing its creditors, because it was not, in his opinion, lawfully recorded. The supposed illegality of the record arose from the fact that it had not been proved, but merely acknowledged, the master thinking that our statutes require all corporate deeds to be proved by a subscribing witness in order to be recorded.

The pertinent statutes are a supplement to the act concerning mortgages (*P. L. of 1881 p. 226*), which provides that no chattel mortgage shall be recorded unless the execution thereof shall be first acknowledged or proved, and such acknowledgment or proof certified thereon, in the manner prescribed by the act respecting conveyances, and the act respecting conveyances (*Rev. p. 152*), which provides that any deed may be recorded if it

" Shall be acknowledged by the party or parties who shall have executed it, the officer having first made known the contents thereof to the person making such acknowledgment and being also satisfied that such person is the grantor mentioned in said deed, * * * or if it be proved, by one or more of the subscribing witnesses to it, that such party or parties signed, sealed and delivered the same as his, her or their voluntary act and deed."

We have not, as in some states, *e. g.* Maryland and Missouri, they have, a statute relating to the acknowledgment or proof of corporate deeds particularly; but no doubt exists that, under the act respecting conveyances, the deeds of corporations aggregate can be lawfully recorded, and therefore can be lawfully either acknowledged or proved. The opinion adopted by the master is, that they may be proved, but cannot be acknowledged. This opinion rests, I suppose, on the notion that the corporation, the party executing the deed, cannot *in propria persona* appear before the officer, be informed by him of its contents and thereupon acknowledge its execution. But a similar difficulty exists

with regard to proving the execution. A subscribing witness cannot swear that the party, the corporation, *in propria persona*, signed, sealed and delivered the deed, for each of these three acts must be done by a representative of the corporate body. If, then, the statute implies that the representative of a corporation is the *party* executing a corporate deed, for the purpose of proof by a subscribing witness, why may it not also imply that such a representative is the party for the purpose of acknowledgment?

The statute must receive such a construction as will attain its manifest object, which is, that all conveyances, whether by natural or artificial persons, may be recorded. Hence, we find that in *Osborne* v. *Tunis, 1 Dutch. 633*, this court, speaking by Chief-Justice Green, said : "A corporate deed can be proved only by proving that the seal affixed is the seal of the corporation, or that it was affixed as the corporate seal by an officer of the corporation, or other person thereunto duly authorized." Such proof deviates widely from the language of the statute, which calls for proof of acts that are visible, that are done by the party himself, and that *per se* constitute the execution of the deed ; while the opinion is complied with by proof of matters which are largely the inferences of the witness, which are the acts merely of an agent of the party, and which constitute *per se* only evidence of the execution of the deed.

Applying similar liberality of construction to the clause of the statute authorizing acknowledgments, it will embrace corporate deeds. The act says the officer taking the acknowledgment must be satisfied that the person executing and acknowledging the deed is the grantor mentioned in it. With regard to corporate deeds, he must therefore be satisfied that such person is, in the eye of the law, the grantor mentioned in it—that is, authorized to represent the corporation in executing and acknowledging the convey-ance. Being so satisfied, he accepts the acknowledgment of the representative as that of the grantor itself.

This accords with the view expressed in other states upon like enactments. Thus, in *Merrill* v. *Montgomery, 25 Mich. 73*, the court said, as to corporate deeds, " the acknowledgment is to be made by the person representing the corporation in that act."

And in *Lovett* v. *Steam Saw Mill Association, 6 Paige 54,* Chancellor Walworth, speaking of the New York Registry act, which required deeds to be acknowledged by the party executing the same, said : " The officer or agent of a corporation, who executes a deed in the name of the corporation, by affixing thereto the impression of the common or corporate seal entrusted to his care, is the party executing the deed, as it is impossible that a corporation aggregate should execute or acknowledge a deed in person."

Our conclusion is, that, on the appeal of the receiver, those parts of the decree of which he complains should be affirmed, and, on the appeal of Susan C. Lovejoy, that part of the decree which holds her chattel mortgage above mentioned invalid against the receiver, should be reversed, and that part which relates to the amount due upon her mortgages of October 27th, 1887, should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH, WHITAKER—11.

*For reversal*—None.