FRANK A. MAGOWAN, receiver, appellant,

*v.*

ANNA W. BAIRD, respondent.

A chattel mortgage had annexed thereto an affidavit made in Pennsylvania, before a notary public of that state, but the jurat did not contain a recital that the officer taking the affidavit was a notary public, as provided for in section 5 of the Oaths act. *Rev. p. 740.*—*Held,* that the mortgage had annexed thereto an affidavit within the meaning of section 4 of the Chattel Mortgage act (*Rev. Sup. p. 491*), and was not void as to the creditors of the mortgagor for lack of such recital in the jurat.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is reported in *Whitehead* v. *Hamilton Rubber Co., 8 Dick. Ch. Rep. 454.*

*Mr. Garret D. W. Vroom* and *Mr. James Buchanan,* for the appellant.

*Mr. Edwin Robert Walker,* for the respondent.

The opinion of the court was delivered by

MAGIE, J.

The result reached in this case in the court of chancery is satisfactory, but cannot, in my judgment, be supported upon the ground on which it was there rested.

The contest between the parties related to the validity of a chattel mortgage. Respondent is the holder of the mortgage, which was made to her by a corporation. The corporation afterward becoming insolvent, appellant was appointed receiver. His contention is that the mortgage is void as to the creditors of the corporation, under the provisions of section 4 of the Chattel Mortgage act of 1885 (*Rev. Sup. p. 491*), which expressly pronounce any such mortgage (not accompanied by immediate

delivery and followed by actual and continued possession of the things mortgaged) to be absolutely void against creditors of the mortgagor, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder, and stating the consideration and the amount due and to grow due thereon, be recorded as required in the following section of the act.

As the chattels of the corporation covered by the mortgage did not pass into the possession of the mortgagee, the validity of the mortgage depends upon the compliance of the mortgagee with the provisions of section 4, above set forth.

The only lack of compliance with those provisions claimed by appellant is that the affidavit annexed to the mortgage, and which was taken in the State of Pennsylvania before a notary public, does not contain in its jurat a recital that the officer taking it was a notary public of that state. Upon that sole ground it is contended that respondent's mortgage had not an "affidavit annexed" within the meaning of the act, and is therefore void as to the creditors represented by appellant.

The learned vice-chancellor who tried the cause concluded that the affidavit was defective in the respect complained of, but maintained the right of the court to supply its deficiency by proof of the official character of the officer before whom it had been made. Such proof was received.

In this conclusion I think there was error, for if respondent's mortgage did not have annexed to it an affidavit complying with the provisions of section 4, it was, by express enactment, absolutely void as against creditors, and no court could supply its defects or give it a validity which it did not originally possess.

But in my judgment respondent's mortgage did have annexed to it an affidavit within the meaning of those provisions and complying therewith.

To comply with those provisions there must be annexed to the mortgage an affidavit, *i. e.*, a written statement made under oath before some person legally empowered to administer an oath and take an affidavit, and such statement must contain the particulars required by section 4, and be made and subscribed

**42**

by the holder. An examination of the affidavit in dispute discloses that it is in exact compliance with the requirements of that section, unless it was made before a person not legally competent to take it, or, if made before such a person, his taking it was ineffective, because, being made in a foreign state, he failed to recite his official character in the jurat.

The Chattel Mortgage act does not declare before whom such affidavits may be taken. To ascertain that, resort must be had to the provisions of the "Act relative to oaths and affidavits." *Rev. p. 740.*

It has been strenuously argued that a notary public is an officer of international authority, and that, in addition to the functions which he may admittedly exercise under the law merchant, he is possessed of power to take affidavits to be used in foreign countries and in other states. There are authorities justifying such contention, which, however, does not commend itself to my judgment. But no decisive opinion need be expressed thereon. For, if the Oaths act before cited does not confer power upon notaries public of other countries and states to take affidavits to be used in this state, it at least regulates the manner of taking and certifying such affidavits.

By section 5 of the Oaths act, it is enacted that any affidavit required to be taken for any lawful purpose, when taken out of this state, may be taken before any notary public of the state in which it shall be taken. Obviously the notary public who took respondent's affidavit was endowed with power to do so, and, unless other clauses of that section hereafter to be considered forbid, his jurat subscribed by him with his official designation and seal, would, *prima facie*, establish his right.

The conflict in this case occurs over the following clause of section 5, viz. :

"And a recital that he is such notary * * * in the jurat or certificate of such * * * affidavit, and his official designation annexed to his signature and attested under his official seal, shall be sufficient proof that the person before whom the same is taken is such notary" &c.

Magowan v. Baird.

The question which arises upon this clause is whether it was intended to limit or restrict the power to take affidavits previously given in the same section, and to render it of no value unless the affidavit taken is accompanied with a certain jurat or certificate. I am aware that the clause has been so construed. *Sutherland* v. *Jersey City and Paterson Railway Co.*, *8 N. J. L. J. 45; Minford* v. *Taylor, 12 N. J. L. J. 282.* But I am unable to discover such an intent in the clause. If such was the legislative design, the language was singularly ill-chosen. Such a design would naturally be expressed by a prohibition of the use of affidavits taken in a foreign country or state, and not authenticated by such a jurat or certificate. But instead of a prohibition of this sort, the clause in question merely declares that such a jurat will afford sufficient proof of official character. It does not prohibit other proof or deny to the ordinary jurat and certificate its *prima facie* effect. From these considerations, in my judgment, the better construction of the clause is that it does not make the recital of official character in the jurat or certificate essential to the validity of the affidavit, but permits such recital so certified to afford proof of official character, if challenged, without the expense and delay of proving such character by the official commission issued to the officer.

For this reason I think that the chattel mortgage in this case had annexed to it an affidavit within the meaning of the Chattel Mortgage act, and was not void as to creditors. I shall, therefore, vote to affirm the decree below.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SMITH, TALMAN—11.

*For reversal*—None.