# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY. AND THE PREROGATIVE COURT.

**NOVEMBER TERM, 1905.**

---

CHRISTIAN BUTTLAR, respondent,

*v.*

MINA BUTTLAR, appellant.

[Submitted December 12th, 1905. Decided June 18th, 1906.]

On appeal from a decree of the court of chancery.

*Mr. John I. B. Weller,* for the appellant.

*Mr. Marshall Van Winkle,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant filed his bill of complaint for the partition of certain lands which he alleged were owned by himself and

675

the defendant as tenants in common. The defendant by her answer admitted that legal title to the premises was in complainant and herself as tenants in common, but set up that the equitable title thereto was wholly in herself, and, further, that if it should be considered that the complainant had an undivided interest in the premises she was entitled to a lien thereon as the result of a contract which had been previously entered into by them. The issues raised by the defendant were tried out at great length, and were finally, each of them, determined in favor of the complainant. At the close of the litigation, and upon the application of the complainant, a counsel fee was allowed to him and charged against the distributive share of the defendant in the proceeds of the sale of the lands whereof partition was sought. The appeal challenges the power of the chancellor to charge the payment of the whole of the counsel fee against the defendant's share of the proceeds of sale, instead of against the gross proceeds.

The authority of the chancellor to allow a counsel fee to the complainant is conferred by section 91 of the Revised Chancery act of 1902. *P. L. p. 540.* The appeal attacks the validity of this statutory provision, and the contention is that it is unconstitutional because—*first,* it gives the court power to impose a counsel fee on one class of litigants and not upon another; and *second,* because it leaves the amount of the counsel fee entirely to the discretion of the chancellor. The constitutionality of this section of the Chancery act has lately received consideration at our hands in the case of *McMullin* v. *Doughty,* argued at the March Term, 1905, of this court, and the conclusion which we then reached was that the legislation was valid, for the reasons stated in the opinion delivered by the chancellor in that case, and reported in *68 N. J. Eq. 780.* The brief of counsel for the appellant presents nothing, either in the way of argument or citation, which was not considered by us in the case just referred to.

For the reasons given in the opinion in the *McMullin Case,* the decree now under review will be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Bogert, Vredenburgh, Vroom, Green, Gray, Dill—14.

*For reversal*—None.