No adjudication in this state has been brought to my attention in which it may be said that an agreement between husband and wife contemplating their living apart and stipulating the amount the wife shall be entitled to receive in satisfaction of the husband's duty of support, has been recognized as operative to withdraw from this court the performance of its statutory duty when granting a decree of divorce for the subsequent adultery of the husband to award alimony to the wife in such amount as shall be found from "the circumstances of the parties and the nature of the case" * * * "fit, reasonable and just." In Hires v. Hires,91 N.J. Eq. 366; affirmed, 92 N.J. Eq. 451, adjudications are reviewed which disclose that, while such agreements may be enforced against the husband, the wife cannot preclude herself by her agreement from invoking the aid of the court to obtain more than has been agreed upon, in the event of necessity. Nor can the payment of a gross sum, which the wife has agreed to accept in discharge of her future claims to support, be regarded as standing on a different plane from agreements contemplating periodical payments. In Calame v. Calame, 25 N.J. Eq. 548, it was early held by our court of errors and appeals that our statute — now substantially the same as then — does not empower this court to *Page 457 
award alimony in gross, and that view has since been given repeated recognition by the same court. That view flows, not only from the fact that our statute exhibits an intention that the subject shall be continuously dealt with according to varying circumstances of the parties, but also from the further fact, as suggested in Lynde v. Lynde, 54 N.J. Eq. 473, that the husband's ability to pay and the justice of the wife's enjoyment of her right are subject to the change of circumstances which the court cannot anticipate, and, hence, complete justice requires that the court's power to act shall be kept open so long as it shall be needed to direct just variation. Consistently with that view our court of errors and appeals in Lynde v. Lynde,64 N.J. Eq. 736, has defined a wife's claim for an allowance of alimony as a purely personal right, and not, in any sense, a property right, as a right in its nature not susceptible of assignment by the wife to another, nor capable of enjoyment by her in anticipation. From this conception of alimony as the just expression of a matrimonial duty, it seems clear that what the court cannot admeasure as a finality the husband cannot limit by the purchase of immunity from future liability, should conditions arise in which justice impels a reassertion of the rights of the wife.
Touching the justice of an order for support at this time, it should be sufficient to say that petitioner is now without means, and the amount paid to her in settlement was less than one-fourth the aggregate amount she would have received had the weekly payments been continued as ordered by the court.
A decree nisi will be advised and the amount of weekly payments as alimony will be determined after an examination of a transcript of that part of the testimony relating to defendant's income and earning capacity. *Page 458