By order of reference filed herein July 28th, 1925, this cause was referred to a special master to ascertain and report as to the truth of the allegations of the petition and his opinion thereon, and that the petitioner proceed to take depositions and other evidence before the said special master to substantiate and prove the allegations in said petition and to bring on the hearing of the cause ex parte, and that he do return, together with his report and as part thereof, such depositions and other evidence as may be taken before him in pursuance of that order. The petition alleged the marriage of the parties, the cause of action for divorce and the residence of the petitioner, and prayed a dissolution of the marriage, "and that the defendant may be compelled by the decree of this honorable court to support her and the said infant child of the marriage, and that she may be awarded the custody of said child," c.
It is not necessary for a wife to plead in a petition for divorce that she is entitled to alimony. She may obtain it by a prayer in that behalf, and, when she so prays, rule 262 operates upon the situation. That rule provides that whenever a wife who petitions for divorce prays for alimony for herself and for maintenance of the children of the marriage, or both, and the defendant has been served with process within this state, but failed to answer the petition, a reference shall be made to a special master, who shall, if requested by the petitioner, take testimony respecting the needs of the wife and children and the faculties of the husband, and shall in his report recommend what, in his judgment, is a proper sum that the husband should pay to the wife for alimony and *Page 464 
for maintenance of the children; provided, that before such inquiry is made the master shall give five days' notice to the defendant of his sitting to take such testimony. On October 19th, 1925, the special master's report was filed, and in it he certified that all of the material facts charged in the said petition were true, and that a decree of divorce should be granted to the petitioner. Thereafter, and on December 9th, 1925, a decree of divorce nisi was filed and entered in the cause. The petitioner, however, pending the reference, failed to request the master to take testimony respecting the needs of the wife and child and the faculties of the husband, and, consequently, the master did not give notice to the defendant of his sitting to take such testimony. But, after the entry of the decree nisi
the petitioner requested the master to give the notice required by rule 262, which he did, and, upon its return, counsel for defendant appeared before the master and objected to his proceeding with the matter because of the entry of the decreenisi, after which he had no legal right to deal with the question of alimony; also, that on July 6th, 1925, this court made an order compelling the defendant to pay petitioner the sum of $2,687 in full satisfaction of any and all claims for present and future alimony by and on her behalf. Thereupon the master determined not to proceed with the consideration of the application for alimony until the right to do so should be decided by this court. An order was then made requiring the defendant to show cause why she should not be permanently restrained from pursuing her pending application for alimony before the special master, or before any other member of this court. And now, on the return of the order to show cause, the questions have been submitted to the court for decision.
First. As to the proceedings before the master: A master's authority as to the subjects and extent of his examination and report is limited and controlled by the order of reference.Stonington Savings Bank v. Davis, 15 N.J. Eq. 30. And he must confine his inquiry to the directions of the order of reference.Wycoff v. Combs, 28 N.J. Eq. 40, 41. While the order of reference in this case did not in terms include a *Page 465 
direction to the master to ascertain and report what, in his judgment, was a proper sum the husband should pay to the wife for alimony and for maintenance of their child, yet such a direction was within the purview of the reference by virtue of rule 262 and the inveterate practice of the court. But this power could only be exercised by the master if it were invoked by the request of the petitioner and notice to the defendant. Furthermore, when the master filed his report his duties and his powers were concluded; no further power or duty resided in him with reference to the case, and could only have been devolved upon him by a subsequent order of reference. This is so obviously true that citation of authority to support the proposition would be entirely superfluous.
When a master is ordered to inquire and report, and he files his report, he cannot afterward recall the case to himself, take further proceedings and make supplemental report. He can act again only by virtue of a re-reference to him.
All further proceedings before the master under the order of reference heretofore made herein will be perpetually restrained.
Secondly. The broader question as to whether the petitioner should be enjoined from proceedings before any member of the court for the collection of alimony for her support, and for maintenance of the child of the parties to this suit, by reason of the fact that this court, on July 6th, 1925, made an order compelling the defendant to pay the petitioner the sum of $2,687 in full satisfaction of any and all claims for present and future alimony by and on behalf of the petitioner. The order, however, contained this significant provision: That the sum mentioned ($2,687) should not preclude the petitioner from continuing with her application (whatever it might have been) for an order requiring the defendant to support and maintain the infant child of the parties; and, too, the order recites that upon application for it the solicitors of both parties, and the petitioner personally, appeared, and that she expressed her complete willingness to accept the sum ($2,687) in lieu of her right to any present or future alimony for her support and maintenance. *Page 466 
The law on the subject of alimony in gross has been considered and decided both in this court and in the court of errors and appeals.
In Calame v. Calame, 25 N.J. Eq. 548, the court of errors and appeals, 1874, held that under the statute of this state alimony cannot be given in a gross sum; but that agreement made by the spouses to give the wife certain land and money in lieu of all claim upon the husband for maintenance will, on a divorce being granted, be enforced in equity. The statute has not been materially changed, and this is still the rule. In Sobel v.Sobel (Court of Errors and Appeals, 1926), 99 N.J. Eq. 376;4 N.J. Adv. R. 647, it was held (at p. 650) that there seems to be no good and sufficient reason why alimony in gross may not be allowed and enforced when assented to by the parties, and the court of chancery, as the representative of the state to guard its interest and enforce its statutory policy in relation to marriage and divorce, sanctions such a course.
And (at p. 651) that it is quite clear that the prime question is whether or not the provisions for the wife are found to be suitable after the court has looked into the arrangements and their surroundings, which provision is for her benefit and found to be adequate for her support, and where it appears that the parties have agreed upon a settlement as to permanent alimony for the future support of the wife and submitted the same for approval, and the court, after due investigation, finds the provision for the support of the wife to be adequate, to make the decree accordingly. And Mr. Justice Kalisch in that case (Sobel) remarked that no such course was followed; that the court (chancery), however, inquired into the circumstances of the litigants and under the evidence found that the provision made for the wife's support was inadequate, and that she was in needy circumstances, and, therefore, very properly made the order for permanent alimony, which was affirmed.
Thus it appears that, although the court cannot award alimony in gross, it may, nevertheless, in proper circumstances, approve a settlement made between husband and wife for alimony due and to grow due in the future. *Page 467 
In Hires v. Hires (1920), 91 N.J. Eq. 366, affirmed on opinion below, 92 N.J. Eq. 451, Vice-Chancellor Leaming observed (at p. 369 of 91 N.J. Eq.) that in Bishop v. Bishop
(1897), P.D. 138, the English court of appeals held that the powers and duties conferred on the court by the statutes of Victoria (citing them) as to the divorced wife's maintenance, which statutes contemplate that regard should be had to her fortune, the ability of her husband and the conduct of the parties; that the wife could not preclude herself by her agreement from invoking the aid of the court to obtain further maintenance in the event stated (husband's adultery after agreement for support executed); that alimony, after divorce, was justified in an amount in excess of the amount specified in the agreement. And the vice-chancellor went on to hold (at p. 370) that our statute, Divorce act (Comp. Stat. p. 2035 § 25), providing for alimony of a wife and the care, custody and maintenance of children, pending a suit for divorce or nullity, or after decree of divorce, does not essentially differ from those conferred by the English acts to which he referred.
And in Irwin v. Irwin (1926), 98 N.J. Eq. 454, the same vice-chancellor held that our statute does not empower the court of chancery to award a sum in gross as alimony, and exhibits an intention that the subject shall be continuously dealt with according to varying circumstances of the parties. The husband's ability to pay for the support of his wife and the justice of the wife's enjoyment of her right are subject to the change of circumstances which a court cannot anticipate, and, hence, complete justice requires that the court's power to act shall be kept open so long as it shall be needed to direct just variation. A wife's claim for alimony is a purely personal right, and not in any sense a property right, a right in its nature not susceptible of either assignment or enjoyment by her in anticipation, citingLynde v. Lynde, 64 N.J. Eq. 736, as authority for the proposition.
We have before the court in this case, not only the wife, but the infant child, and here the chancellor's jurisdiction parenspartiae obtains. Buckley v. Perrine, 54 N.J. Eq. 285, *Page 468 292. The chancellor is general guardian of all infants, idiots and lunatics. Whart. Lex. (12th ed.) 155. And the incapacitated party, when brought before the chancellor, becomes a ward of court. In re Vieweger, 93 N.J. Eq. 527, 532.
Now, the infant child of the parties was not included in the agreement between the husband and wife (nor could it have been in any such way as to bind it or conclude its interests), the composition of alimony between them not including maintenance for the child, and the order expressly contained a provision that it should not preclude the petitioner from continuing with her application for an order requiring the defendant to support and maintain the infant child of the parties thereto.
As by the express contract of the parties to this suit the question of the child's maintenance is still open, and, as the statute contemplates that a wife cannot preclude herself by her agreement from invoking the aid of the court to obtain further maintenance, and that the subject shall be continuously dealt with according to the varying circumstances of the parties, the petitioner before me is, undoubtedly, entitled to seek an award of alimony for herself from the defendant, as well as maintenance for the child, notwithstanding the order for payment to her of a sum in gross in lieu of alimony. However, this petitioner, having appeared before the vice-chancellor, who advised the order for settlement, and "expressed her complete willingness to accept the sum of two thousand six hundred and eighty-seven dollars [$2,687] in lieu of her right to present and future alimony for her support and maintenance," she will, doubtless, have a heavier burden to carry in showing that she is entitled to have that settlement set aside and further alimony granted to her.
In view of the law of alimony as established by the cases, if a husband enters into a composition agreement with his wife, whereby alimony in gross is agreed upon in discharge of his future and continuing liability to support her, nevertheless, in changing circumstances, he may be visited with an order for the payment of alimony in excess of any gross sum agreed upon between them in their settlement; and so it would *Page 469 
seem if the sum settled upon the wife, through extravagance or misfortune, is dissipated, and she thereby becomes indigent. And it must be true, in any case, that if a wife either loses or squanders any gross sum settled upon her in lieu of alimony, and thereby becomes an object of charity and is driven to seek support from the overseer of the poor, her husband would be liable for her support in proceedings before a magistrate, in exoneration of the liability of the municipality.
The result reached on this branch of the case is that the petitioner may proceed by application to the court itself for an award of alimony, notwithstanding the composition therefor reached by the parties and sanctioned by the court, for while inSobel v. Sobel it was held that there would seem to be no good reason why alimony in gross should not be enforced when assented to by the parties and the court of chancery, if the provisions for the wife were found to be suitable after the court has looked into the arrangement and their surroundings and found the provisions to be for the benefit of the wife and adequate for her support, yet the order approving the settlement in this case does not recite or adjudge that the provisions for the wife were suitable and found to be for her benefit and adequate for her support, but, on the contrary, the order only recites that the wife appeared and "expressed her complete willingness to accept the sum * * * in lieu of her right to any present and future alimony for her support and maintenance;" and in the ordering part it simply adjudged that the defendant pay to the petitioner the sum agreed upon, in full satisfaction of any and all claims for present or future alimony by or on behalf of the petitioner. It is one thing for a wife to express her willingness to accept a certain sum in lieu of alimony, and quite another for the court to ascertain and adjudge that the sum is suitable and adequate for her support.
The petitioner herein, however, cannot invoke the power of the court to award alimony in the face of her agreement by merely moving for it. If she desires to press the question she must file a petition setting forth the facts upon *Page 470 
which she relies as showing that she is entitled, under the decisions, to have the question opened and her claim considered. In other words, she must tender an issue to the defendant by proper pleading. Such petition should, of course, include the claim for and on behalf of the child.