This was a suit by the wife against her husband, in which she alleged that he, without justifiable cause, did abandon and separate himself from her and refused and neglected to maintain and provide for her, and prayed that he might be ordered and decreed to provide such suitable support and maintenance for her as the circumstances of the cause rendered suitable and proper,c. There was no issue of the marriage.
The defendant appeared by a solicitor, and after trial a decree was made and entered August 22d 1912, in which it was provided that the wife should receive the sum of $5 a week, to be paid when and as the share of the defendant in the estate of his father was payable, and that she should have a first lien upon such money therefor, and for costs and counsel fees, c.
And the now solicitor for the defendant presents to the court the draft of an order vacating the order for payment of alimony, which reads in part that it is represented to the court that the parties have amicably settled the matters in difference between them, and it appearing to the court that the order directing the defendant to pay to the complainant weekly alimony should be vacated, and upon reading the consent of the complainant it is in form ordered that the above order be and the same is thereby revoked. Appended to this order is the following: "I hereby consent to the entry of the above order. Rose F. Dreier, perse." This appears to be the same signature as appended to an affidavit verifying the bill, and the court may, I presume, take cognizance of it. Otherwise *Page 344 
it would have to be verified. I presume that it is the signature of the complainant. In the lower left-hand corner is this: "Oct. 19, 1927. Charles Aronson." Appended thereto is the impression of a seal, in the periphery reading: "Charles Aronson, Queens County, N.Y.," and in the center, "Notary Public." Also, stamped upon it is the following: "Notary Public, Queen's Co. Clk's No. 2516, Reg. No. 4599, N.Y. Co. Clerk's No. 303, Reg. No. 9225. Commission expired March 30, 1929." The signature of Charles Aronson, I suppose, is intended for a witness. The impression of the seal and stamping of the statement are, of course, superfluous here. He might better have said, "Signed, sealed and delivered in the presence of: Charles Aronson." There is appended to this paper an acknowledgment, for which there is no authority; but be that as it may, it reads as follows:
"STATE OF NEW YORK | ss.
COUNTY OF NEW YORK |
Be is remembered that on this 19th day of October, in the year of our Lord one thousand nine hundred and twenty-seven, before me the subscriber, a ............. personally appeared Rose F. Dreier, who, I am satisfied, is the person mentioned in this within consent to vacation of the order entered on the 20th day of August, 1912, to whom I first made known the contents thereof, and thereupon she acknowledged that she signed, sealed and delivered the same as her voluntary act and deed for the uses and purposes therein expressed, freely, without any fear, threats or compulsion of her said husband.
 ROSE F. DREIER. Oct. 19, 1927. CHARLES ARONSON, Notary Public.
Queen's Co. Clk's No. 2516, Reg. No. 4599. N.Y. Co. Clerk's No. 303, Reg. No. 9224. Commission expires March 30, 1929." (Notarial Seal)
This, of course, is intended to be the taking of an acknowledgment, but it is defective. It is neither an affidavit nor a certificate. It is subscribed by Mrs. Dreier but does not purport to be an affidavit. And the space left to name the character of the officer taking the acknowledgment is not filled out; so it does not appear that Mr. Aronson either took an acknowledgment or an affidavit. *Page 345 
This, if it were an affidavit, might not be void under the doctrine of Magowan v. Baird, 53 N.J. Eq. 656. But it does not purport to be such. It is defective in either particular.
There are two methods of proving a deed or other instrument for the purpose of recording, c. One is by an acknowledgement by the grantor before an officer authorized by law to take the same. The other is by proof on oath of the execution of the instrument (usually made in the case of corporations' deeds, but that is not necessary, as they also can be acknowledged. SeeHopper v. Lovejoy, 47 N.J. Eq. 573), but the oath does not have to appear on the instrument in the form of an affidavit subscribed by an affiant with a jurat by the officer taking the same, but may be certified by the officer taking the proof, without signing by the affiant. In the case of proof of the execution of a corporate deed the officer generally commences the certificate to the effect that "A.B.C., being duly sworn, c., did depose and make proof to my satisfaction," c., and concludes by signing his name and making official designation under the certificate; but this proof may be in the form of an affidavit signed by the affiant and with a jurat signed by the officer, as is sometimes done. The statute authorizing acknowledgment or proof provides for a certificate thereof by the officer taking the same, and does not require an affidavit. See the act respecting conveyances (Comp. Stat. p. 1542 § 22, also §23), which provides for a certificate, c. Those two sections are amended in Comp. Stat. Cum. Supp. p. 629, but do not appear to affect this acknowledgment. The question, however, arises as to whether there should not be a certificate stating that the "notary" was an officer of the State of New York authorized by its laws to take acknowledgments.
This whole proceeding, however, is irregular, as it is required that the provisions for the wife (on settlement) should be found to be suitable after the court has looked into the arrangements and other surroundings, and that it is for her benefit and found to be adequate, where it appears the parties have agreed upon a settlement as to permanent alimony for the future support of the wife. See Greenberg v. Greenberg, *Page 346 99 N.J. Eq. 461, 466. This has not been done. And even if the husband is absolved, in some circumstances he may be called upon thereafter to support his wife in exoneration of the municipality. Greenberg v. Greenberg, supra.
No appeal has been made to the court to investigate this matter, as required by the cases; but a decree, as mentioned, has been handed to the court and it is asked to pass it pro forma.
That, of course, it will not do. Nowhere is the doctrine exploited in Greenberg v. Greenberg better illustrated than in this case, for I have received a letter under date of November 1st, 1927, written by Mrs. Dreier from her address in Brooklyn, in which she says that upon the distribution of defendant's father's estate recently she was offered so little for her interest in it that she said she preferred to keep her $5 a week, and that the husband's son-in-law said that if she did not accept the settlement offered that her husband will get a divorce, which would wipe out her dower. And she is informed that her husband has sold his interest in a certain company for $24,000, and that her dower would be $8,000, and that she was recently advised to take the $8,000 including her alimony; that she signed away her dower only a couple of weeks ago, and has been advised that it was done to scare her and get a clear title to the property.
I have not seen what she has signed nor do I know anything about its legal effect with relation to dower, but there can be no doubt that the question of alimony cannot be disposed of as against her without her being afforded the protection of the court in an inquiry as to the fairness, reasonableness and adequacy of the settlement, without which alimony will go on and the husband will be liable to the pains and penalties of proceedings for its collection.
Let the solicitor of the defendant, if he chooses, make an application to the court for the proper investigation indicated above. *Page 347