The complainant, widow of Samuel M. Braunstein, files her bill praying for the specific performance of a contract alleged to have been made between the complainant and her husband, in his lifetime, for the payment of certain alimony and other costs and expenses. The allegations of the bill of complaint are that —
Complainant and said Braunstein were married in 1921 and lived together until about January 28th, 1928, at which time Braunstein separated himself from the complainant and lived apart until his death, which occurred on November *Page 542 
14th, 1928; that in April, 1928, complainant filed her bill praying that her husband be ordered to provide her with suitable support and maintenance; that an answer was filed to said bill and the cause being brought to issue, same was referred to one of the vice-chancellors; that the cause was duly brought on for a hearing and the production of witnesses and taking of proof was entered upon.
It was stated in open court that a probability existed that a settlement of the differences might be effected upon a conference of the parties, and the said hearing was continued for a period of two weeks. Said conference proceeded with the result that on or about the 13th day of November, 1928, an oral agreement was entered into whereby Braunstein agreed to pay his wife a certain sum of money, to be paid in equal monthly installments, commencing the 1st day of December, 1928, and to deposit certain shares of stock sufficient to provide from dividends thereon such sum so agreed to be paid (said stock being held by Samuel M. Braunstein, Incorporated, a corporation of the State of Delaware), and that said Braunstein should also pay the solicitor of said complainant a certain sum. The said agreement having been concluded, was intended to be incorporated in a final decree of this court, to be entered in said cause then pending between the parties. This decree was never entered because of the fact that Braunstein died upon the day of the completion of said contract and before the decree could be presented to the court.
Motion is now made to strike the bill because the bill displays no equity, for eleven separate reasons, the sixth of which reads: "Upon the face of the bill, the alleged agreement was not to become effective until reduced to writing, or upon the entry of a final decree in the maintenance suit, neither of which occurred."
It is apparent upon the allegations of the bill that the agreement was "intended to be incorporated in a final decree of this court, to be entered in said cause then pending between the parties to said agreement." *Page 543 
The question to be considered is, therefore, was there an agreement between the parties upon which specific performance could be decreed? No other construction can be made of the language in the bill than that the parties had agreed that they would consent to the entering of a final decree in this court embodying the terms of the agreement.
Vice-Chancellor Berry, in Dennison v. Dennison, 98 N.J. Eq. 230; affirmed, 99 N.J. Eq. 883 (at p. 237), said: "Our Divorce act vests in the court of chancery the power to order suitable support and maintenance for the wife, and `from time to time to make such further orders touching the same as shall be just and equitable.' This power and authority has been jealously guarded by this court, in consequence of which it has uniformly been held that all such agreements are subject to approval or modification by this court; and no such agreements, unless fair, equitable and just, will be approved or enforced. But they have just as uniformly been enforced when couched in such terms as to meet the court's approval. Calame v. Calame, 25 N.J. Eq. 548; Buttlar
v. Buttlar, 70 N.J. Eq. 675; Buttlar v. Buttlar, 71 N.J. Eq. 671; Halstead v. Halstead, 74 N.J. Eq. 596; Rennie v. Rennie,85 N.J. Eq. 1; Boehm v. Boehm, 88 N.J. Eq. 74; Hollingshead v.Hollingshead, 91 N.J. Eq. 261.
Chancellor Walker, in Greenberg v. Greenberg, 99 N.J. Eq. 461
(at p. 469), said: "It is one thing for a wife to express her willingness to accept a certain sum in lieu of alimony, and quite another for the court to ascertain and adjudge that the sum is suitable and adequate for her support." And again in Dreier
v. Dreier, 101 N.J. Eq. 342, the chancellor said (at p. 345): "This whole proceeding, however, is irregular, as it is required that the provisions for the wife [on settlement] should be found to be suitable after the court has looked into the arrangements and other surroundings, and that it is for her benefit and found to be adequate, where it appears the parties have agreed upon a settlement as to permanent alimony for the future support of the wife. See Greenberg v. Greenberg, 99 N.J. Eq. 461, *Page 544 466. This has not been done. No appeal has been made to the court to investigate this matter, as required by the cases; but a decree, as mentioned, has been handed to the court and it is asked to pass it pro forma. This, of course, it will not do."
This contract was not approved by this court, and by reason of the death of the defendant, it can never be approved by this court, nor can any decree be entered therein. Suits for divorce and maintenance are abated by the death of either party before the entry of a final decree and a decree entered after such death will be vacated. Dunham v. Dunham, 82 N.J. Eq. 395.
Without considering, therefore, the other points raised for the motion, the bill must be dismissed. *Page 545