On bill by a wife for separate maintenance. On petition for adjustment of alimony. By final decree rendered in 1923 the defendant husband was required to pay complainant $25 weekly. He complied with this order for only a few weeks and then left the state and did not return until 1927 when he was taken into custody on a writ of ne exeat. Negotiations were had between the parties and a settlement reached which resulted in an order dated March 21st, 1928, which recited that the complainant was satisfied to accept the sum of $5,000 in full payment for past, present and future alimony. The order continued: *Page 275 
"* * * and it appearing to the court that such settlement is fair and adequate and that it is beneficial to the petitioner to accept the said sum of $5,000 in full settlement and satisfaction of all alimony past, present and future, due and to grow due unto the petitioner; and it further appearing that it is to the best interests of the said petitioner, in view of all of the circumstances of this case, to accept the said sum in full settlement of any claims which the said petitioner may have for all alimony past, present and future; it is thereupon on this 21st day of March, 1928,
"Ordered, adjudged and decreed, that the said settlement and adjustment for the sum of $5,000 to be paid to the petitioner for all alimony due and to be due, past, present and future, is beneficial to the petitioner herein and is to her best interests. And it is further
"Ordered, adjudged and decreed, that all claims which the petitioner herein may have against the defendant for alimony and maintenance or otherwise, whether now accrued or to accrue in the future, be and they hereby are to be deemed satisfied and discharged by the payment to the petitioner herein by the defendant of the said sum of $5,000 so agreed to be paid by the defendant to the said petitioner. And it is further
"Ordered, adjudged and decreed, that the final decree entered herein be and the same is hereby in all matters and particulars satisfied, which satisfaction shall include the provision therein made for counsel fee to be paid by the defendant."
The defendant promptly paid to the complainant the sum of $5,000 in compliance with the order.
On June 17th, 1930, the complainant filed a petition wherein she showed that she had spent the sum of $5,000 and was destitute and that the defendant had ample means adequately to support her. The petition was supported by a number of affidavits. Thereupon an order was made directing the defendant to show cause why he should not be required to pay the complainant a proper allowance for her support and maintenance and a reasonable counsel fee to enable her to *Page 276 
prosecute her application. On the argument on the return of the order to show cause complainant asked an allowance of alimonypendente lite and a reference to a master to ascertain the needs of the complainant and the financial ability of the defendant as a basis for a decree for permanent alimony.
Counsel for defendant first contend that the power of this court over its orders ceases with the expiration of the time in which an appeal may be taken and that since the time for appeal from the order of March 21st, 1928, has passed, the court is without power to grant the relief desired by complainant. This contention is not sound. The bill of complaint is filed pursuant to section 26 of the Divorce act (2 Comp. Stat. p. 2038), and the authority of the court is determined thereby. That section, after empowering the court to decree suitable support and maintenance, expressly authorizes the court "from time to time to make such further orders touching the same as shall be just and equitable." A decree for separate maintenance is at all times subject to the control of the court. Adams v. Adams, 77 N.J. Eq. 123.
The present application does not find support in the theory that the decree when entered was erroneous or otherwise open to attack, but rather it has its basis in the allegation that there had been a change in the circumstances of the parties which requires anew the interposition of the court. Rigney v.Rigney, 62 N.J. Eq. 8.
The second contention of the defendant's counsel is this: The order of March 21st, 1928, finally adjudicated the financial obligation of the defendant toward the complainant and this obligation cannot be varied or enlarged by any change in the circumstances of the parties which may have occurred. Alimony in gross has been considered in a number of cases. In Calame v.Calame, 25 N.J. Eq. 548, the court of errors and appeals decided that the statute did not empower this court to award alimony in gross in a divorce suit. In Irwin v. Irwin, 98 N.J. Eq. 454; 131 Atl. Rep. 304; affirmed on the opinion of Vice-Chancellor Leaming, 100 N.J. Eq. 347; 134 Atl. Rep. 918,
the parties agreed upon a sum which was *Page 277 
paid as alimony in gross in full satisfaction of all future claims. The settlement was not submitted to the court for approval, and the court, notwithstanding the settlement, decreed the payment of alimony weekly. The learned vice-chancellor held that, while agreements between husband and wife for the payment either of a gross sum or of periodic amounts may be enforced against the husband, the wife cannot preclude herself by her agreement from invoking the aid of the court to obtain more than has been agreed upon, in the event of necessity. He pointed out that our statute exhibits an intention that alimony shall be continuously dealt with by the court according to the varying circumstances of the parties; "that the husband's ability to pay and the justice of the wife's enjoyment of her right are subject to the change of circumstances which the court cannot anticipate and hence complete justice requires that the court's power to act shall be kept open so long as it shall be needed to direct just variation." Sobel v. Sobel, 99 N.J. Eq. 376, was a similar case and was decided the same way. The late Mr. Justice Kalisch, speaking for the court of errors and appeals, made the following comment upon which defendant's counsel now rely: "A different situation might have arisen in the present case if the settlement arrived at between the parties had received the sanction of the court. There seems to be no good and sufficient reason why alimony in gross may not be allowed and enforced when assented to by the parties and the court of chancery as the representative of the state to guard its interests and to enforce the statutory policy in relation to marriage and divorce sanctions such a course."
The latest decision to which I will refer is Greenberg v.Greenberg, 99 N.J. Eq. 461. There the settlement agreement was presented to the court and the court by its decree recited that the wife expressed her complete willingness to accept the agreed sum in lieu of her right to any present and future alimony for her support and maintenance and ordered the husband to pay his wife the same sum in full satisfaction of present and future alimony. Notwithstanding this settlement and decree Chancellor Walker decided that it was competent *Page 278 
for the court thereafter to inquire whether the husband should be ordered to pay additional alimony. The chancellor said that it appeared from the Sobel Case that, "although the court cannot award alimony in gross, it may, nevertheless, in proper circumstances approve a settlement made between husband and wife for alimony due and to grow due in the future." But he held that the wife was not precluded from proceeding with her application for alimony since it did not appear that the court had inquired whether the provision for the wife was suitable and adequate for her support. "It is one thing for a wife to express her willingness to accept a certain sum in lieu of alimony and quite another for the court to ascertain and adjudge that the sum is suitable and adequate for her support." The chancellor also wrote in this case:
"In view of the law of alimony as established by the cases, if a husband enters into a composition agreement with his wife, whereby alimony in gross is agreed upon in discharge of his future and continuing liability to support her, nevertheless, in changing circumstances, he may be visited with an order for the payment of alimony in excess of any gross sum agreed upon between them in their settlement; and so it would seem if the sum settled upon the wife, through extravagance or misfortune, is dissipated, and she thereby becomes indigent. And it must be true, in any case, that if a wife either loses or squanders any gross sum settled upon her in lieu of alimony, and thereby becomes an object of charity and is driven to seek support from the overseer of the poor, her husband would be liable for her support in proceedings before a magistrate, in exoneration of the liability of the municipality."
In all of these cases the court of chancery has held that after an agreement for a gross sum in full satisfaction of alimony the wife could petition the court to award her additional alimony which might have become necessary from altered circumstances; the court so held in the Greenberg Case, even though the agreement between the parties had been ratified by order of the court. But in that case as well as in *Page 279 
the Sobel Case, it is strongly intimated that a decree for alimony in gross made pursuant to agreement of the parties after full inquiry by the court and a determination that it was in the interest of the wife, would fully satisfy the duty of the husband and relieve him from responsibility even though circumstances might change. It should be noted, however, that all these cases were suits for divorce and that the duty of the husband which the court was considering was not a duty to his present wife, but to one from whom he had been divorced. The case now before the court is not a divorce suit, but one for separate maintenance. The complainant is still the wife of the defendant.
A decree for separate maintenance is not final even in the sense in which a decree for alimony after divorce is final. The statute favors cohabitation and contemplates separate maintenance only so long as the husband persists in the abandonment of his wife. Walsh v. Walsh, 88 N.J. Eq. 368. The liability of the husband is dependent not only upon his ability and the necessity of his wife, but upon the continuance of the separation. They may become reconciled and reconciliation will be a ground for vacating the decree. But by a decree of divorce, the status of the parties is fixed. The liability of the husband thereafter to pay alimony is dependent only upon a change in the necessities of the wife and the ability of the husband. A divorce is granted because of a past offense, but a present and continuing offense of the husband is the basis of a decree for separate maintenance. Defendant still abandons his wife. The continuance of the offense raises anew his obligation to support her.
It also should be noted that the jurisdiction of the court is purely statutory. Freund v. Freund, 71 N.J. Eq. 524, 529;affirmed, 72 N.J. Eq. 943. The court is empowered "to decree and order such suitable support and maintenance to be paid and provided by the said husband for the wife * * * for such time as the nature of the case and circumstances of the parties render suitable and proper in the opinion of the court and to compel the defendant to give reasonable security for such maintenance and allowance, and *Page 280 
from time to time make such further orders touching the same as shall be just and equitable." That section should be interpreted in the light of the law which fixes upon the husband a continuing duty to support his wife. The policy of our law is illustrated by a supplement to the Crimes act. P.L. 1917 p. 110. A husband who willfully neglects to provide for the support of his wife, in necessitous circumstances is denounced as a criminal. I do not think that the statute under which the present suit is brought, authorizes the court to permit the husband to escape his civil liability to provide for his wife so long as he remains her husband. The court cannot divest itself of the authority and the duty to make such further orders touching the support and maintenance of the wife as may be just and equitable. The order of March 21st, 1928, should be interpreted to mean that the payment of the gross sum of $5,000 should satisfy the claims of the complainant against the defendant for maintenance only until equity and justice require the payment of additional sums.
I therefore find that there should be a reference to a master to ascertain what further provision, if any, should be made for the maintenance of the complainant. In this inquiry he will report not only the financial circumstances of the parties but also any other factors which may affect the equity of her demand. These would involve a consideration of the manner in which she has spent the sum already paid her. I do not say that if she has been wasteful she is precluded from relief, but only that it is a circumstance to be considered.
Complainant's application for alimony pendente lite must be denied. The burden cast upon her by the fact that she received $5,000 two years ago after inquiry and approval by this court, is too great to be overcome by mere ex parte affidavits. The application for a counsel fee will be denied for the same reason. *Page 281