This is a controversy over alimony. The petitioner, in 1926, obtained in this court a final decree of divorce from the defendant. No provision for alimony was contained in the final decree or in the decree nisi. Five years later, petitioner gave notice to defendant that she would apply to the court for an order for alimony. Thereupon, the parties reached an agreement for alimony in gross. The agreement was submitted to the court and resulted in an order which recited: "It appearing to the court that the provisions of the said agreement are for the benefit of the petitioner and should be approved," and which directed defendant to pay petitioner the agreed sum "in full for all alimony, temporary and permanent, support and maintenance, past, present or future." The money was promptly paid.
Now petitioner renews her application for alimony. She does not allege that the agreement and the order entered *Page 115 
thereon were obtained by fraud or were the fruit of mistake. She relies on Baumgarten v. Baumgarten, 107 N.J. Eq. 274, in which the court held that a husband might be required to support his wife notwithstanding that it had, by an earlier order, approved a lump sum settlement. But in that case the parties were still husband and wife; here, the parties are divorced. Indeed, defendant is now married to another woman and has adopted an infant whom he is in duty bound to support.
In Sobel v. Sobel, 99 N.J. Eq. 376, Mr. Justice Kalisch said: "There seems to be no good and sufficient reason why alimony in gross may not be allowed and enforced when assented to by the parties, and the court of chancery, as the representative of the state, to guard its interests and to enforce its statutory policy in relation to marriage and divorce, sanctions such a course." In Greenberg v. Greenberg, 99 N.J. Eq. 461, the late chancellor, citing the Sobel Case, said that the court may, "in proper circumstances, approve a settlement made between husband and wife for alimony due and to grow due in the future." He held that the order approving a settlement did not estop the wife from seeking additional alimony, since it did "not recite or adjudge that the provisions for the wife were suitable and found to be for her benefit and adequate for her support."
From these two cases can be gathered the law on the subject. An order of chancery approving a settlement between the parties to a divorce suit, for alimony in gross, concludes the wife as well as the husband, when the order is based on a finding by the court that the settlement is for her benefit. The order in the instant case contains a recital of such a finding by the court and therefore concludes petitioner. Her present application will be denied. *Page 116