This is a husband's suit for divorce on the ground of the wife's desertion.

The advisory master found that the proofs failed to show desertion on the part of the defendant wife, and furthermore that the husband had utterly failed to prove that following the separation he made a sincere and honest effort to terminate the separation or made proper overtures to the defendant wife for the resumption of cohabitation.

We have carefully examined the record and briefs submitted and are of the opinion that the conclusions of the learned advisory master are abundantly supported by the proofs adduced.

The decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.

GRACE S. HUGHES, complainant-respondent,

*v.*

FRANK L. HUGHES, defendant-appellant.

[Argued October 25th, 1938.   Decided February 6th, 1939.]

*Messrs. McCarter & English (Mr. Conover English,* of counsel), for the defendant-appellant.

*Messrs. Eisenstein & Eisenstein (Mr. William H. Marx,* of counsel; *Mr. William H. D. Cox* and *Mr. Harry E. Walburg,* on the brief), for the complainant-respondent.

The opinion of the court was delivered by

PARKER, J.

The advisory master ordered the bill struck out in part and retained in part. The appeal attacks the partial retention of the bill.

The factual situation disclosed by the bill, the prayer, and the grounds of the motion to strike, are thus set out in the opinion filed in the court of chancery:

"The bill of complaint alleges that complainant secured a decree of divorce against defendant in the State of Nevada, wherein defendant was ordered to pay her alimony; that thereafter she recovered a judgment against him in the State of New York for unpaid arrearages thereunder; that such judgment not having been paid, and further arrearages under the Nevada decree having accrued, negotiations for settlement were had which resulted in her securing a lump sum under an agreement whereby she released defendant from all further liability for alimony; that both parties are now domiciled in New Jersey; that she is in dire financial need, and that although defendant is in affluent circumstances he refused to pay her any further moneys by way of alimony, contending that he is absolved by her release; that the release was fraudulently secured from her and in any event is not a defense to her action for recovery of past due installments under the Nevada decree, still in full force and effect, or for recovery of future installments under that decree.

"The prayer is for a money decree for all unpaid arrearages of alimony 'due to her in accordance with the orders and

decrees of the courts of the States of Nevada and New York,' that defendant 'be compelled to pay to the complainant alimony in an amount which may seem equitable to this court,' and that he be compelled to make discovery of his assets and income.

"Defendant moves to dismiss the bill on the grounds that complainant has an adequate remedy at law, that the bill sets up no right or interest entitling complainant to relief in equity, that she has obtained no judgment or other lien in this state upon her foreign decrees, and that she has misconceived her remedy."

The advisory master held that the claim for arrearages of alimony under the Nevada decree, and under the New York judgment, were not cognizable in the court of chancery, and from his determination in that regard there is no appeal. The remaining question was whether chancery had jurisdiction to award alimony *in futuro* in aid of the Nevada decree, and to fix the amount thereof. The master held that it had such jurisdiction, and retained the bill for that purpose. This part of his order is the subject-matter of this appeal.

Concededly, any jurisdiction of the court of chancery to entertain a bill for alimony predicated on a decree of divorce in another jurisdiction must be derived from some statute. The bill was filed in February, 1938; the order was made May 3d, 1938. On both dates the statute in force was section 25 of the Divorce act of 1907 (*P. L. p. 474*) entitled "An act providing for divorces and for decrees of nullity of marriage, and for alimony and the maintenance of children (Revision of 1907)." The act is reprinted in the *Comp. Stat. 1910,* beginning at page 2021. It sets up a complete scheme of procedure in this state. Section 33, under the heading of "Foreign Decrees" provides that "full faith and credit shall be given in all courts of this state to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another state, territory or possession of the United States when the jurisdiction of such court was obtained in the manner and in substantial conformity with the conditions prescribed in sections five, six and seven of this act.

Nothing herein contained shall be construed to limit the power of any court to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity; * * *." See *R. S. 1937, 2:50-35*. Section 25, at page 481, under the heading "Alimony and Maintenance" provides that "pending a suit for divorce or nullity, of after decree of divorce, it shall be lawful for the court of chancery to make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall be rendered fit, reasonable and just," &c. This is reprinted in *Comp. Stat. p. 2035,* and in *R. S. 2:50-37.* The advisory master held that the language of section 25 is broad enough to permit the court of chancery to supplement a divorce suit in another state, after decree in that state with a new proceeding in this state, by bill, looking toward an independent ascertainment of alimony and decree therefor, where the parties are in this state. In support of this holding he cited and relied on the two cases of *Noel* v. *Noel, 15 N. J. Mis. R. 576; 193 Atl. Rep. 558,* and *Goodman* v. *Goodman, 15 N. J. Mis. R. 716; 194 Atl. Rep. 866,* both decided by himself, and neither appealed, so far as we are aware. As precedents they are not binding on us. And the *Goodman Case,* though perhaps analogous, is not in point, as it related to support of an infant.

We are clearly of opinion that section 25 has no such breadth of scope as that attributed to it in the court below. A general view of the Divorce act plainly indicates to us that except in the thirty-third section, it does not mention, and makes no allusion to divorce or marital litigation in other jurisdictions. The master properly held that "In so far as the bill seeks a money decree for arrearages under the Nevada decree, and under the New York judgment, it is clear that no cause of action cognizable in this court is presented. The parties are no longer husband and wife. Complainant may bring an action at law to collect arrearages as they accrue. *Bullock* v. *Bullock, 57 N. J. Law 508; Kossower* v. *Kosso-*

*wer, 142 Atl. Rep. 30.* She may not, however, maintain a bill in this court therefor." But as already stated, he held that the court of chancery after a wife's final decree of divorce in another state, may rest on that decree as a basis of an independent inquiry in this state as to the propriety and amount of alimony, and make and enforce its own award. We cannot discern any such intent in the statute. The decree under review will therefore be reversed with directions to dismiss the bill. We incline to the view that no costs should be awarded to either party in this court. Whether costs should go against the complainant wife in the court of chancery, is a matter for the determination of that court.

It is pointed out by counsel that after the order under review was made, the legislature amended section 25 so as to cover the present case in the following language: "Pending a suit for divorce or nullity, *brought in this state or elsewhere,* or after decree of divorce, *whether obtained in this state or elsewhere,* the court of chancery may make such order touching the alimony of the wife" (the remainder of the section as in the original: italics ours). The argument is made for respondent that the amendment is merely to clarify what was originally intended; for appellant, that it adds a jurisdiction not previously existing. To us it is in no way persuasive of a pre-existing jurisdiction but rather to the contrary; and of course it has no retroactive force, as respects the filing of the bill in this cause, or the decree under review.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   15.