GRACE STRONG HUGHES, complainant,

*v.*

FRANK L. HUGHES, defendant.

[Decided April 24th, 1940.]

*Mr. Jacob R. Mantel,* for the complainant.

*Messrs. McCarter, English & Egner (Mr. Conover English),* for the defendant.

HERR, A. M.

Complainant secured a decree of absolute divorce against defendant in the State of Nevada in the year 1921 and files this bill for alimony under *C. S. R. S. 2:50-37; N. J. S. A. 2:50-37,* enacted on May 25th, 1938, and effective as of the date of its enactment.

Complainant filed a similar bill in February, 1938, which this court sustained against a motion to strike, holding that the statute then in effect, *R. S. 2:50-37*, authorized the court to decree alimony in a plenary suit where complainant had secured her divorce in a foreign jurisdiction. The order entered on that decision was reversed by the Court of Errors and Appeals. *Hughes* v. *Hughes, 125 N. J. Eq. 47; 4 Atl. Rep. (2d) 288.* Complainant's present bill, therefore, rests solely upon the amendment of 1938.

The bill contains certain allegations respecting the award of alimony in Nevada in the year 1921, and subsequent modifications thereof, litigation between the parties in the State of New York in the year 1929, and a settlement effected in the year 1931 by payment of a lump sum and the execution and delivery of a release. It charges that the release was fraudulently obtained and is void, and sets up the prior litigation of the parties in this court.

Defendant is entitled to have stricken from the bill, as impertinent and improper, those allegations contained in paragraphs 6 to 14 thereof as to the amount of alimony decreed by the Nevada court, the modifications thereof, the arrearages accrued, defendant's failure to pay the same, complainant's financial situation in the year 1931 and the claimed invalidity of the release. In this suit the court is concerned only with the present needs of complainant and the present faculties of defendant. It may be that these matters will be relevant as evidence at final hearing, but such allegations are not properly included in the pleadings. As to the allegations respecting the release and its invalidity the law is settled that the parties are incompetent to contract respecting alimony not yet accrued. *Parmly* v. *Parmly, 125 N. J. Eq. 545; 5 Atl. Rep. (2d) 789; Kirschbaum* v. *Kirschbaum, 125 N. J. Eq. 558; 5 Atl. Rep. (2d) 792.* Hence the question whether such a contract exists or not is irrelevant to the issue and impertinent as a part of the pleading. Obviously such allegations ought not to be retained in the bill as a basis for relief against the possible effect of the release if set up in defense of any action at law which complainant may institute for alimony arrearages. If the law court be incompetent to deal with such

a defense, resort may doubtless be had to this court at the proper time, but by means of an independent proceeding. The question is not germane to the prayer of the present suit that the court fix and decree alimony.

To the extent above stated, therefore, the allegations contained in the bill will be stricken, leaving it strictly a bill for alimony under the amendment, based upon the present needs of complainant and the present faculties of defendant.

But defendant also moves to strike the bill as a whole upon the ground that the amendment cannot properly be given a retroactive operation to the extent of including cases wherein foreign divorce decrees were entered prior to May 25th, 1938, the date upon which the amendment was enacted and became operative, and that since complainant's divorce decree was secured in Nevada in the year 1921 this court is without jurisdiction to decree relief upon her bill. The argument advanced is that under well-settled rules of statutory construction every legislative enactment must be held to operate prospectively only, except where the language clearly shows a different intent, and that the language of the amendment in question may reasonably be construed as intending to limit its operation so as to exclude cases in which divorce decrees were entered prior to its enactment, particularly in view of the fact that the amendment is the first and only statute empowering the court to award alimony following a foreign divorce decree.

Such is unquestionably one of the well-established rules of statutory construction, resort to which may be had in an effort to discover an otherwise obscure legislative intent. But where the purpose of the legislature is apparent without resort to technical rules of construction, there is no need or justification for recourse to such rules, particularly where their application would lead to a strained or unnatural construction of the statute.

As the statute stood before the amendment, it provided that "Pending a suit for divorce or nullity, or after decree of divorce, the court of chancery may make such order touching the alimony of the wife * * * as the circumstances * * * shall render fit, reasonable and just * * *." In place of

this language the amendment substituted the following: "Pending a suit for divorce or nullity, brought in this state or elsewhere, or after decree of divorce, whether obtained in this state or elsewhere, the court of chancery may make such order touching the alimony of the wife * * * as the circumstances * * * shall render fit, reasonable and just * * * ."

If defendant's contention were to prevail the court would be powerless to grant alimony following New Jersey divorce decrees entered prior to May 25th, 1938. Since the amendment supersedes the prior statute, and is therefore the only statutory authority presently existing for the award of alimony in any case, and since the court's authority to decree alimony rests solely upon the statutory law, we would be obliged to hold that thousands of subsisting alimony orders in favor of former wives divorced in New Jersey are void because of the repeal of their statutory foundation. Had the amendment dealt solely, or at least disjunctively, with cases arising under foreign divorce decrees the argument might have some weight, but the amendment couples the two classes of divorces, domestic and foreign, and places them in one category. So far as New Jersey divorce decrees are concerned, the provisions of the prior statute are not disturbed by the amendment. It is settled beyond the need to cite authority that applications for alimony may be made at any time after entry of a divorce decree in this court. By placing foreign divorce decrees in the same category as our own the legislature could not have intended otherwise than to include within the operation of the amendment all cases based upon foreign as well as domestic divorce decrees, without regard to the date of their entry. The clear legislative purpose in enacting the amendment was to empower this court to decree alimony to former wives who have secured divorce decrees abroad at any time heretofore as well as to those former wives who have secured divorce decrees in New Jersey at any time heretofore. Alimony is but the means of enforcing the continuing duty of support which the husband owes to his wife and of which he is not permitted to absolve himself by his own misconduct, even though such misconduct has resulted in dissolution of the marriage.

Advisory Master Grosman, in the unreported decision in *Carter* v. *Carter* (Docket 131, page 543, January 2d, 1940), came to the same conclusion. Among other things he wrote: "The single effect of the 1938 enactment is to place the foreign decree on a parity with our own decrees, subjecting it to the enforcement in accordance with the public policy of our state. The duty of a husband to support his wife and children is universal. If he fails to do so, the doors of this court are open for redress. To hold otherwise would make New Jersey a haven for all husbands who may elect to desert their families. Such men may not evade their responsibilities by fleeing to our jurisdiction while their innocent wives and children suffer in destitution."

For the above reasons defendant's application to strike the bill (except for the allegations contained in paragraphs 6 to 14, inclusive) will be denied.

Complainant's application for alimony and suit moneys *pendente lite* is resisted on the further ground that since there is no express provision in the amendment permitting the court to grant *ad interim* relief that power must necessarily be lacking in the court. This contention is overruled for the reasons stated in and upon the authority of *Levy* v. *Levy, 17 N. J. Mis. R. 324.*

Upon careful consideration of the proofs presented on complainant's motion, however, it is my judgment that her application for *pendente lite* relief must be denied upon the merits. It appears that defendant is a man of seventy-five years of age, in a seriously impaired condition of health, without present employment or reasonable expectation of future employment, without property or income or the hope of securing either, an object of charity. Complainant is not a resident of New Jersey, and is not likely to become a public charge in New Jersey. Under such circumstances the court is not justified in ordering *ad interim* relief: the proofs on this motion, if established by evidence at the final hearing, must necessarily lead to the dismissal of the bill. Complainant's present application will therefore be denied.