ROSE MUSIKER AND EMANUEL P. SCHECK, TRUSTEE, PLAINTIFFS-RESPONDENTS, v. IRVING SCHACTMAN, DEFENDANT-APPELLANT.

Submitted October 2, 1944—Decided July 5, 1945.

Before Justices PARKER and COLIE.

For the appellant, *Benjamin M. Ratner*.

For the respondents, *Harkavy & Lieb* (*Abraham I. Harkavy*, of counsel).

The opinion of the court was delivered by

COLIE, J. The defendant below appeals from a judgment in the sum of $283.81 with costs, entered against him in the Second District Court of Newark. Plaintiffs sued on three counts but submitted to a nonsuit on the first and third. The remaining count recited that Rose Musiker and Irving Schactman, while married, entered into a written agreement whereby Schactman agreed to pay to his then wife $18 per week for her maintenance and support; that on July 6th, 1943, the wife obtained a lawful decree of divorce from her

husband in a Nevada court; that the defendant entered a general appearance therein and was represented by counsel; that the terms of the agreement were "approved, adopted and confirmed and the parties thereto    *    *    *    decreed and ordered to abide thereby and perform the obligations thereof;" that defendant was in arrears in payments under said decree and plaintiff demanded judgment for the amount of said arrears. Appellant, Schactman, seeks a reversal on the grounds that the District Court was without jurisdiction; that it erred in giving full faith and credit to the Nevada decree with respect to alimony; that it erred in refusing to permit the defendant to introduce evidence that the Nevada decree was collusive and that it erred in refusing motions for a nonsuit and the direction of a verdict.

The argument addressed to the jurisdiction of the District Court is based upon the provisions of *R. S.* 2:50–37, as amended by *Pamph. L.* 1938, *ch.* 235, which provides that "pending a suit for divorce or nullity, brought in this State or elsewhere, or after decree of divorce, whether obtained in this State or elsewhere, the Court of Chancery may make such order touching the alimony of the wife,   *   *   *   as the circumstances of the parties and the nature of the case shall render fit, reasonable and just." This act or its predecessors, *Pamph. L.* 1907, *ch.* 216; *Pamph. L.* 1933, *ch.* 145, and *Pamph. L.* 1938, *ch.* 235, have been passed upon by this court in *Bolton* v. *Bolton,* 86 *N. J. L.* 622; *Kassower* v. *Kassower,* 142 *Atl. Rep.* 30, and *Hughes* v. *Hughes,* 125 *N. J. Eq.* 47, and it was held that a wife, holding a decree of a foreign jurisdiction for alimony, had an adequate remedy at law to enforce the payment of arrears since the parties were no longer husband and wife. It is asserted on behalf of the appellant that the effect of the 1938 amendment was to grant to the Court of Chancery exclusive jurisdiction in matters touching the alimony of the wife, but a mere reading of the statute suffices to show that it is, at most, permissive and that it does not strip the law courts of the right to entertain an action for arrears of alimony under the decree of a sister state. It is next said that the arrearages of alimony under the Nevada decree were not vested and that therefore there was no debt

due and no final judgment entitled to full faith and credit in this state. In *Bolton*. v. *Bolton, supra,* it was held that the right to installments of alimony becomes absolute and vested when they fall due and are therefore entitled to protection under the full faith and credit clause. That is the situation in. this case.

The argument that the District Court Judge erred in refusing permission to introduce evidence that the Nevada decree was collusive is without merit. The proper procedure to raise this question which is in essence fraud is by an original bill of Chancery or by collateral attack in a proceeding for divorce or separate maintenance.

We find no error and therefore the judgment of the District Court is affirmed, with costs.