It appears from the pleadings thus far filed in this cause: that the plaintiff, Edith S. Conwell, now resident at Richmond, Virginia, and the defendant, John H. Conwell, now resident at Pines Lake, R.D. No. 1, Paterson, New Jersey, were married in 1938; that one child, Edith R. Conwell, was born of said marriage; and that said marriage *Page 577 
was dissolved by final decree of a Florida Circuit Court on May 28, 1946. This final decree, in addition to granting an absolute divorce to the plaintiff, granted plaintiff custody of the minor child and ordered the defendant to pay the plaintiff $80 per month for the support of the child. It is further alleged that the defendant has failed to make any payments in compliance with this decree with the exception of one payment in the amount of $40 in June, 1946.
Plaintiff demands judgment on the first count seeking an order compelling the defendant to provide suitable support and maintenance of the child, to make such provisions pendentelite, and to furnish reasonable security for such support. Plaintiff also seeks counsel fees and costs. By her second count, plaintiff demands accrued payments under the Florida decree amounting to $2,840, with interest and costs.
The matters presently before the court for consideration deal with plaintiff's application for an order requiring the defendant to pay to plaintiff a proper allowance for the support and maintenance of the infant child of the marriage, pending the litigation, for a reasonable allowance for counsel fees and costs to enable her to prosecute this action, and defendant's cross-motion to dismiss plaintiff's complaint.
Defendant by his cross-motion to dismiss the complaint has raised several questions of law which are discussed below.
First: Does this court have jurisdiction in its discretion to order the defendant to support the child, who is not an inhabitant of New Jersey? Defendant argues that R.S. 9:2-1, which provides for the support of minor children of divorced parents, is limited by its terms to children of this State and, therefore, this court does not have jurisdiction to grant such relief as the plaintiff seeks. He urges further that the terms ofR.S. 9:2-1 must be construed to limit R.S. 2:50-37, which provides that:
"after judgment of divorce whether obtained in this State or elsewhere, the court may make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just * * *" *Page 578 
It appears, however, that the broad language just quoted as construed in Levy v. Levy, 17 N.J. Misc. 324 (1939), forces a conclusion contrary to the defendant's contention. In that case, petitioner who had been awarded $15 per week by a decree of a New York court for her support and that of her child, sought in New Jersey alimony and maintenance both pendente lite and permanent for the child who lived in New York. In upholding the court's jurisdiction, former Advisory Master Herr said in part:
"It was the legislative intent * * * to empower this court to see to it so far as is possible that New Jersey shall no longer be a haven for ex-husbands who immigrate to this state in order to avoid their alimony obligations, finding here a substantially complete refuge."
See, also, Hughes v. Hughes, 18 N.J. Misc. 270 (1940). That in the Levy case alimony was sought in addition to support for the child hardly constitutes, although suggested by the defendant, an element distinguishing it from the instant case.
It is true that several earlier cases expressing the same view,Noel v. Noel, 15 N.J. Misc. 576 (1937), and Goodman v.Goodman, 15 N.J. Misc. 716 (1937), were disapproved in Hughesv. Hughes, 125 N.J. Eq. 47 (E. A. 1939). However, these cases were based on the former statute which lacked the amending phrase "whether obtained in this state or elsewhere," and the later Levy case stands as authority for the proposition that this court has jurisdiction to grant such relief as is sought in the first count of the plaintiff's complaint. Naturally the decision on this point comprehends the question of counsel fees and costs.
Second: Is the Florida decree entitled to recognition by this court under the full faith and credit clause of the Federal Constitution so as to permit plaintiff's second count for arrearages? Decisive of this issue is Sistare v. Sistare,218 U.S. 16, 54 L.Ed. 910 (1910), discussed with approval inBarber v. Barber, 323 U.S. 77, 89 L.Ed. 82 (1944). TheSistare case involved the refusal of the Connecticut courts to recognize a New York alimony decree in an action brought for *Page 579 
arrearages. The court held that such a decree is final, even though it is subject to prospective modifications, unless by the law of the original state it can be retroactively modified and stated (218 U.S., at p. 22, 54 L.Ed., at p. 912) that "every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it." In its holding, the court limited the effect of Lynde v. Lynde, 181 U.S. 183;45 L.Ed. 810 (1901), to instances where the decree was not final. The Sistare rule has been applied in this State in Bolton v.Bolton, 86 N.J.L. 623 (E. A. 1914), and Musiker v.Schactman, 133 N.J.L. 110 (Sup. Ct. 1945).
It is to be noted that the court in reaching its decision in the Sistare case discussed the New York law at length and found that the alimony decrees of New York are final. This appears to be equally the State of Florida law. The pertinent Florida statute (1941, section 65.14) provides that:
"In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require."
There is nothing in its terms which compels the conclusion either that retroactive modifications are intended or that support decrees are not final within the meaning of the Sistarecase. The Florida decisions are, in fact, to the contrary.
In Pottinger v. Pottinger, 182 So. 762 (Fla. 1938), the court discusses the statute quoted above and states that installments of support orders vest when due with no power of retroactive modification. See, also, Duss v. Duss,111 So. 382 (Fla. 1926); Van Loon v. Van Loon, 182 So. 205 (Fla. 1938). Compare Boyer v. Andrews, 196 So. 825 (Fla. 1940), with Lechner v. Lechner, 16 So.2d 816 (Fla. 1944).
The recent case, New York v. Halvey, 330 U.S. 610,91 L.Ed. 1131 (1946), which defendant contends points to a lack of finality in Florida decrees involved a custody order rather *Page 580 
than one for support. In holding that New York might modify the conditions of custody, the court based its decision on the narrow ground that, from all that appeared, the action of New York was no more than might be done under the Florida decree and thus full faith and credit had been extended. It is obvious that the modification of a custody order must, as a practical matter, operate prospectively. Therefore no inference, as to the finality of Florida support orders, contrary to those already stated, can be drawn from that opinion.
The exact status of the decrees of New Jersey as suggested in cases such as Madden v. Madden, 136 N.J. Eq. 132 (E. A.
1945), is not relevant to the question of the constitutional necessity of enforcing a Florida decree.
The defendant argues finally that the power of retroactive modification is reserved by a provision of the Florida decree which reads as follows:
"The jurisdiction of this cause is hereby retained for such further orders and decrees pertaining to the custody and support of said minor child as to the court may seem proper."
However, I conclude that this does no more than restate the language of the Florida statute as construed above.
It follows, therefore, that the courts of New Jersey are required to recognize such a Florida decree, that the plaintiff may bring an action for arrearages, and that according to Rules
3:40-2 and 3:82 (b) she is properly before this court.
The defendant's cross-motion to dismiss complaint is dismissed. The defendant shall have leave to file answering affidavits in opposition to plaintiff's motion for a proper allowance for the support of the minor child, and for a reasonable allowance for counsel fees and costs. Argument on plaintiff's motion will be heard at the Court House, Hackensack, New Jersey, on Friday, July 1st next, at ten o'clock, A.M. *Page 581