9 N.J. Super. 382 (1950)
74 A.2d 627
HELEN C. GOODRICH, PLAINTIFF,
v.
CECIL JAMES HARRISON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 5, 1950.
*384 Mr. Henry S. Waldman, attorney for plaintiff.
Mr. Benjamin M. Ratner, attorney for defendant.
HEGARTY, A.M.
This is an action for the support and maintenance of minor children and for accrued arrearages of support payments under the judgment of another state. The plaintiff, Helen C. Goodrich, a resident of New York, is the divorced wife of the defendant, Cecil James Harrison, a resident of New Jersey, and has the care and custody of the two minor children of the marriage. On December 12, 1945, plaintiff obtained a divorce in Nevada in an action in which defendant appeared by attorney. Incorporated by reference and made fully a part of the Nevada judgment was a prior agreement between the parties which provided inter alia that the defendant should pay to the plaintiff $3,240 per year in semi-monthly payments of $135. It is clear from the entire agreement that this amount was intended as a provision for the support of both the plaintiff and the children. It was further agreed that "in the event of the remarriage of the wife, the husband shall not be obligated to make any payment towards the support of the wife but that the husband's obligation to support each child shall continue until the death of each child or upon his or her attaining the age of twenty-one years whichever shall first occur, and the parties agree that in the event of the occurrence of any of the contingencies *385 mentioned in this paragraph, the parties shall, within thirty days, then agree upon the decreased amount to be payable by the husband under this agreement, and in the event they are unable to agree during said thirty day period, either party shall then have the right to apply to and have a court of competent jurisdiction fix the just and reasonable sum which shall thereafter be payable by said husband." Further provisions for the division of other property were made which are not in issue.
The plaintiff remarried in February of 1946. The defendant in July of 1946 also remarried. Since early in 1946, plaintiff alleges that the defendant's annual payments have averaged between $512 and $1,000. It is some indefinite portion of the difference between these amounts and the $3,240 provided for by the Nevada decree that constitutes, she argues, arrearages due and owing her.
I. Defendant does not deny the court's power to order support for the children, which exists by virtue of R.S. 2:50-37. Conwell v. Conwell, 3 N.J. Super. 575 (Ch. Div. 1949); affirmed, 3 N.J. 266 (1949). The proper amount for this purpose must be fixed by this court with due regards to the father's financial resources and the other relevant factors. In so doing, the court will not be acting inconsistently with the provisions of the Nevada decree, assuming it to be still in effect, which by its terms permits the determination by a court of competent jurisdiction of a just amount upon the happening of the contingency of the plaintiff's remarriage.
The relevant circumstances are the following: The plaintiff is a registered nurse and earns approximately $50 a week. The two children of the marriage in the custody of the plaintiff for whom a fixed amount of support is sought are Elaine, 16 years old, and James, 13 years old. Mention is made of some of the claimed items of monthly expense concerning the rearing of the children, viz., food, $136; milk, $24; clothing, $30; allowances, $10; tailor bills and cleaning, $8; church expense, $4; entertainment, $10, and carfare, $4. In 1945 the defendant was earning about $6,900 annually and he, *386 plaintiff, and the children lived in a 9-room house in Maplewood. The children attended public schools and went to camps in the summertime. Today, on the payments made by defendant, she is unable to send her children to camps. The defendant testified that his present gross income is $8,000 annually and his net income is $124 per week. It is his contention that the sum of $100 monthly is adequate and proper for the support of the children. He testified concerning his own required monthly expenses and added that he had remarried and his present wife does not work.
In the light of these facts, it is my conclusion that the amount of $150 each and every month, payable $75 twice monthly, is a reasonable and proper sum to be paid by the defendant for the support of the two minor children and it is so ordered.
II. A more difficult question is presented by the plaintiff's demand of judgment for arrearages arising under the Nevada decree. The incorporation of such an agreement in a divorce decree constitutes the agreement an order for alimony. Corbin v. Mathews, 129 N.J. Eq. 549 (E. & A. 1941). For ease of analysis the amount may first be considered as if it were absolute, fixed, and subject to no contingency. "* * * generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments * * *." Sistare v. Sistare, 218 U.S. 1, 16 (1909); Conwell v. Conwell, supra, and see Barber v. Barber, 323 U.S. 17 (1944). This generalization does not extend and does not cover situations where the court granting the alimony has the power of retroactive modification, but "* * * every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it." Sistare v. Sistare, supra. No such power in the courts of Nevada has been brought to my attention. *387 In fact it appears that unless there is a specific reservation of power in the decree, here lacking, no prospective modification can be made after the expiration of a fixed period. Schneider v. Second Judicial District Court, 176 P.2d 797 (Nev. 1947); Groves v. First Judicial District Court, 61 Nev. 269, 125 P.2d 723 (1942); Jones v. Second Judicial District Court, 59 Nev. 460, 96 P.2d 1096 (1940). Thus if the Nevada decree in question provided simply for a fixed amount payable in installments, the full faith and credit clause would require New Jersey to entertain at least an action at law for accrued arrearages  an action such as is here brought, and properly before this court since joined with an action for support.
However, the decree at issue is not of that simple type. Upon the happening of the contingency of remarriage, what had been an obligation of a fixed amount became indefinite. To fix the new amount it was provided that the parties were to agree as to a new amount, or if they were unable to agree, the sum was to be fixed by a court of competent jurisdiction. This second alternative seems to do no more than state the plaintiff's legal rights apart from any agreement since the father's duty to support his children would, I believe, be recognized by any state possessing jurisdiction. Certainly a New Jersey court would not consider that its power to order support was derived solely from the agreement and, as is discussed above, I do not base my order for support in the future upon the agreement but rather upon the statutory authorization of R.S. 2:50-37. The first alternative constitutes in effect an agreement to agree, and no such agreement was made after plaintiff's remarriage unless it be considered, which I do not decide, that defendant's payments thereafter and plaintiff's receipt of them constituted an implicit agreement. Thus in essence the provision of the Nevada decree as to the support payments terminated upon the wife's remarriage although the legal rights of the parties, possessed by them in any event, were spelled out. To sustain the plaintiff's claim of arrearages this court then would have to fix an *388 amount, in excess of defendant's actual payments, to operate retroactively to the date of the first decreased payment after her remarriage. I do not believe that the Nevada decree was intended to give that power, nor do the courts of New Jersey have it otherwise. Although as previously set forth, this court must give full faith and credit to the Nevada decree, that only means that New Jersey must give it the effect it would have in Nevada. There has been no showing that the courts of Nevada would have the power to fix retroactively the amount of the defendant's obligation. The provisions of the agreement incorporated in the decree to take effect upon plaintiff's remarriage were illusory (except in that they might permit continuing jurisdiction by Nevada otherwise lost. See Schneider v. Second Judicial District Court, supra). Thus, upon the wife's remarriage the decree became of no force and effect because the parties did not agree as to the amount to be paid for the children within the thirty-day period nor did either of them seek the aid of a court of competent jurisdiction to fix the sum to be paid by the defendant, and there is therefore nothing that New Jersey can or must effectuate  there is no amount by which the claimed arrearages can be measured.
Accordingly, plaintiff's demand for judgment for arrearages and support allegedly due her will be dismissed.
The defendant shall pay to the plaintiff or to her attorney the sum of $200 attorney's fees and costs to be taxed.