17 N.J. Super. 496 (1951)
86 A.2d 300
CHARLOTTE M. SCHLUTER, PLAINTIFF,
v.
FREDERIC E. SCHLUTER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 13, 1951.
*498 Mr. Dougal Herr and Mr. Crawford Jamieson, attorneys for the plaintiff.
Mr. Walter D. Van Riper and Mr. Ellis L. Pierson, attorneys for the defendant.
TOMASULO, A.M.
Both plaintiff and defendant appeal from an order modifying a decree nisi heretofore entered in this matter on August 31, 1948, in which the plaintiff, Charlotte M. Schluter, obtained a decree of divorce against the defendant for desertion.
The petition for divorce filed June 4, 1948, set forth that there were four children born of the marriage, to wit: Frederic Edward Schluter, 22 years; William Everett Schluter, 20 years; John Adolph Schluter, 19 years, and Peter Mueller Schluter, 15 years, and further set forth, that all of the said children were in the custody of the plaintiff and residing with her.
The decree included the following language:
"And it is further ordered, adjudged and decreed that defendant pay to petitioner in full satisfaction of all allowances and provisions for her support and maintenance and of defendant's obligation to furnish such support and maintenance a lump sum of $75,000 in instalments agreeable to the parties, final instalment to be paid on or before October 2, 1950, and regular monthly alimony payments of $250 per month, and the further sum of $750 per month toward the maintenance and support of the children."
This portion of the decree was included therein presumably because it was intended thereby to merge into the decree the terms and provisions of a preexistent agreement theretofore entered into between the parties. The referred to agreement was not in evidence nor was it before the court at the time *499 of the entry of the decree nisi on August 31, 1948, except that in the plaintiff's testimony before the court, oral reference was made to "an agreement" in the following direct testimony of the plaintiff:
"Q. You and your husband's respective solicitors have come to a settlement agreed to settle incidental matters in connection with property and support and maintenance of the children, have you not? A. Yes, we have.
Q. And under that agreement he is to give you seventy-five thousand dollars ($75,000.00) lump settlement? A. Yes, he is.
Q. Together with alimony of two hundred and fifty dollars ($250.00) a month? A. Yes.
Q. And maintenance and support of the children at the rate of seven hundred and fifty dollars ($750.00) a month? A. That's right."
Testimony regarding the financial position of the defendant was as follows:
"Q. What is his approximate worth, if you know? A. Well, it is over five hundred thousand dollars ($500,000.00), much over.
Q. Will that provision that you have and he has agreed upon, in your judgment, be sufficient to enable you to carry on the home with the boys at approximately the same scale of living as heretofore? A. Possibly not quite the same scale of living, but it should be sufficient.
Q. You have means of your own, have you? A. Yes, I have.
Q. So you will be enabled to live comfortably with the boys? A. Yes."
In May, 1950, the defendant served upon the plaintiff a notice of an application for an order modifying the terms of the decree previously entered with respect to the payment of $750 a month to the plaintiff for maintenance and support of the children of the plaintiff and the defendant. Upon the argument of this motion, it having appeared that no testimony had been taken in the divorce proceeding of a character sufficient to enable this court to intelligently pass upon the original status of the plaintiff and the defendant to enable the court to thereby determine whether at the time of the present application any change of circumstances had taken place sufficient to justify the application of the defendant, *500 the court thereupon ordered that the present application be determined not upon affidavits, but upon such oral testimony of both of the parties involved as each would see fit to adduce. In addition to this the court directed that it be furnished with a complete transcript of the testimony taken in the divorce proceeding so that the prior record would be available in connection with the pending application.
The hearing ordered by the court consumed approximately four full days of testimony, and an examination of the transcript will reveal that all pertinent matters relating to the status of both the plaintiff and the defendant were gone into in minute detail and at great length. The financial position of the defendant was inquired into through the aid of expert certified public accountants engaged by the defendant's attorneys for that purpose, which was provided for by a consent order entered in this cause for that purpose.
As a result of an analysis of the foregoing testimony, I have come to the conclusion that while the defendant has attempted to convince this court of a minimized income and a reduced net worth, I am satisfied that actually this is not so, and that his net worth and income is substantially the same today as it was at the time of the entry of the nisi decree of divorce, and if anything, the defendant's financial position is better. Suffice it to say, the defendant has failed to satisfy me that he would be entitled to a modification of the order, solely upon an alleged change of circumstances, so far as he personally is concerned, in his income or his financial status generally, and were my decision to rest upon this alone, I would be constrained to determine the matter adversely to the defendant.
The impelling facts resulting in the order for modification here advised center themselves around a change of circumstances on the part of the plaintiff. Since the entry of the decree nisi, Frederic Edward Schluter, one of the sons, who at the time of the entry of the decree was 22 years of age, without any income or independent means of his own, was completing his college education away from the home of *501 the plaintiff and defendant, and truly dependent upon his parents, at the time of the present application, is 25 years of age, married, employed, possessed of an income from a trust fund in the amount of approximately $7,500 a year and living with his wife outside of the State of New Jersey. Likewise, William Everett Schluter, another son, who at the time of the decree nisi was 20 years of age and in a situation similar to that of his brother Frederic, now is 23 years of age, married, employed, and possessed of an income from a trust fund similar in character to the trust fund of his older brother. It is evident, therefore, that both of these children have become emancipated since the entry of the divorce decree and, consequently, the defendant is no longer chargeable with the obligation of supporting or maintaining them. Straver v. Straver, 26 N.J. Misc. 218, 219 (Ch. 1948). The testimony also disclosed that the plaintiff has a separate income of approximately $20,000 a year. Thus, considering the aforementioned facts, the court decided that there had been a sufficient change in circumstances as to warrant a reduction in the award for the support and maintenance of the children from $750 a month to $450 a month.
The plaintiff challenges the right of the court to make this modification, contending, as stated in her brief, that the payments for the support of the children were not in essence intended for that purpose, but were intended to constitute an essential part of a lump sum property settlement, and by reason thereof, that since the payments were not by their nature alimony or maintenance, this court had no authority under the statute, R.S. 2:50-37, to make any modification with respect to the existing order. It is further contended that the judgment of divorce was not in accordance with the preexistent agreement and that there was no judicial inquiry made to support the alimony and support provisions contained in the decree nisi.
It should be noted here that the court, in the entry of its decree nisi, relied on the willingness of the plaintiff, and her testimony, supra, to accept the judgment as rendered *502 and that both the plaintiff and plaintiff's present counsel appeared in the prior proceeding which resulted in the entry of the decree nisi and supported the right of the court to enter the judgment upon the basis of the then existing record. Again, both acquiesced in and encouraged this court to enter the judgment now claimed to be a nullity. While this court does not now consider this aspect of the matter as controlling, it is noteworthy to state for the record that it considers the position of the plaintiff untenable and in singularly bad taste, in that she is in effect attempting to nullify a judgment sought by her, the validity of which at least inferentially was vouched for by both her and her attorney. Besides, I do not believe that the plaintiff is in a very tactful position to be heard or to complain at this late date, since it is admitted that she has already received full payment of the lump sum settlement provided for in the decree nisi. Likewise, she has been receiving and the defendant has been paying the $750 per month for the support and maintenance of their four children, although there is some dispute as to whether the defendant is in arrears as of the time of the entry of this modification.
I find nothing in the record of this case, resulting in the decree nisi for divorce, which would satisfy me that the decree nisi and the pertinent maintenance and alimony provisions do not represent the will of both the plaintiff and the defendant as of the time of the entry of the decree. In the light of the state of the record and the testimony of the plaintiff herself, I have no alternative but to support the defendant in his insistence that the alimony and support provisions in the decree represent the actual agreement of the parties.
A lump sum settlement such as here made is properly the subject matter of an agreement between the parties and becomes binding upon them when approved by a court of competent jurisdiction. Glasco v. Glasco, 112 N.J. Eq. 114 (Ch. 1932). So also the court is guided as to the quantum of support by the judgment of the parties in this *503 respect and may adopt as its judgment, by incorporation into a final judgment, such a sum as may have been suggested by the litigants by an agreement. Polyckronos v. Polyckronos, 17 N.J. Misc. 250, 8 A.2d 265 (Ch. 1939). And while such an agreement is not controlling and may be disregarded, Polyckronos v. Polyckronos, supra, an agreement between them serves merely to liquidate or admeasure the quantum of the husband's obligation under the circumstances prevailing when it was made. Polyckronos v. Polyckronos, supra. Thus, the husband's obligation can be adjudicated or fixed by the court, or, if agreed upon, approved by the court. Acheson v. Acheson, 24 N.J. Misc. 133, 46 A.2d 817 (Ch. 1946), and has been followed in Glasco v. Glasco, supra. Nor was it necessary to support the validity of the judgment that it be supported by evidence, since the court was justified in adopting and following the agreement of the parties. Acheson v. Acheson, supra.
Indeed, it is to be noted that the parties should be encouraged to agree on a suitable amount for separate maintenance, and when they so agree their agreement merges in the judgment if the court adopts the amount stated in the agreement. And this procedure representing a trend of our decisions in that direction, it may now be considered as a judicially recognized method of fixing the liability of a husband for alimony and support. Corbin v. Matthews, 129 N.J. Eq. 549, 19 A.2d 633 (E. & A. 1941); Halstead v. Halstead, 74 N.J. Eq. 596 (Ch. 1908); Glasco v. Glasco, supra; Goodrich v. Harrison, 9 N.J. Super. 382, 74 A.2d 627 (Ch. 1950).
Plaintiff suggests that the motion of the defendant should have been denied because of his failure to pay arrearages which are admittedly due. This was entirely within the discretion of the court, and in the exercise of the court's sound discretion it was concluded that the plaintiff would not be prejudiced in any detail as to her rights in the arrearages by the court's refusal to dismiss the defendant's application and by the entry of the order of modification here appealed from. Williams v. Williams, 12 N.J. Misc. *504 641 (Ch. 1934); Traudt v. Traudt, 116 N.J. Eq. 75, 172 A. 749 (E. & A. 1934).
This brings me to the remaining question of counsel fees. The application for counsel fees was for $12,000. As has been previously indicated, the trial consumed four days of the court's time during which respective counsel were in attendance. In addition to this, a considerable amount of time was spent by counsel in attending hearings on depositions, etc., outside of the court room. Counsel, plaintiff, and the accountant were required to file affidavits regarding their services and disbursements which form a part of this record.
Under all of the circumstances, I concluded that the decree nisi should be modified and reduced to provide future payments of $450 a month for maintenance and support of the children in lieu of the sum of $750 provided for in the decree nisi, said modification to commence as of April 10, 1951, the last day of the continued hearing in this cause. An allowance of $5,500 plus $567.23 for disbursements of counsel, plus expenses to plaintiff of $222.99, and the further sum of $1,500 and disbursements of $190.88 for accounting services rendered to the plaintiff in connection with the defendant's application for modification, was advised. All of these allowances are, in the court's opinion, reasonable considering all the circumstances in the case.